## JONES *v*. VESTRY OF TRINITY PARISH.

(*Circuit Court, W. D. North Carolina.* November Term, 1883.)

1. MONTHLY SALARY—PRESUMPTION AS TO PERIOD OF EMPLOYMENT.

    There is a presumption of law that a person employed at a monthly salary is engaged by the month, so that either party may terminate the contract at the end of any month, unless it affirmatively appears that a definite period of employment was contemplated by the parties to the contract.

2. FALSE REPRESENTATIONS—RESCISSION OF CONTRACT—RECOVERY OF DAMAGES.

    A person who secures employment for a stated period by false and fraudulent representations may be dismissed at any time, and his employer may recover from him for any damage sustained by reason of the deceit.

3. CONTRACT OF SERVICE—INCOMPETENCY—RESCISSION.

    A person who, representing himself as competent to discharge any duty, is employed for that purpose, may be dismissed upon his incompetency being shown.

4. SAME—BREACH—NEGLECT TO DISCHARGE—WAIVER.

One who, after a material breach of contract on the part of a person employed by him, continues to accept his services without reasonable cause for delay in discharging him, is presumed to have waived the breach, and will not be allowed to set it up afterwards.

5. SAME—BREACH OF CONFIDENCE.

A person in whom peculiar confidence is reposed may be discharged by his employer for misleading him with respect to the matter of confidence, even though the truth might have been ascertained by inquiry elsewhere.

6. SAME—WRONGFUL DISCHARGE—DAMAGES.

A person wrongfully discharged can recover the contract price for the full time of service agreed upon, without showing constant readiness to perform the work from which he has been dismissed.

7. SAME—SPECIAL CONTRACT—QUANTUM MERUIT.

One employed by special contract cannot recover on a *quantum meruit* for his services.

At Law.

*J. H. Merrimon*, for plaintiff.

*McLoud, Davidson & Jones*, for defendants.

DICK, J., (*charging jury*.) If the terms of the contract declared upon were in writing, or were admitted, or undisputed in the pleadings, it would be the duty of the court to construe them, and declare the rights and liabilities arising therefrom. As the contract was verbal, and the parties dispute about the terms of the agreement, it is your duty to ascertain those terms from the evidence, and apply the principles of law announced by the court to the facts proved. For the purpose of assisting you in performing such duty I will first refer briefly to some circumstances surrounding the parties at the time the contract was made, and to certain facts established by the pleadings or by uncontroverted evidence. A jury in ascertaining the terms of a contract, and a court in construing their meaning, clearly have the right to consider the language employed, and also the subject-matter and the surrounding circumstances, so as to ascertain as nearly as possible the intention of the parties. The vestry of Trinity parish desired to build a new edifice, which would afford more suitable accommodation for the members of the church and other citizens. For this purpose the vestry had collected about $2,500 in cash, and had obtained about $1,000 in reliable subscriptions. With this cash fund and subscription list, and confidently relying upon the liberality of the members of the parish and other citizens of the community, the vestry determined to commence the erection of the church edifice. They applied to Prof. Babcock, of Ithaca, New York, an experienced, skillful, and accomplished architect, to furnish appropriate plans and specifications for the building, suitable to the convenience and wishes of the congregation, and within the limits of the means accumulated, and such as could be reasonably expected to be realized from future donations. Under these circumstances, the plans and specifications were prepared and forwarded by the architect, who also recommended Mr. Richardson, of Ithaca, New York, as an experienced and skillful contractor and builder. After some correspondence, Mr.

Richardson came to Asherville, and being made acquainted with the views and wishes of the vestry and other surroundings, he offered to furnish material, and to construct the *nave* and *transept* of the edifice according to the plans and specifications, for the sum of $3,500. Upon further consideration, he offered to build the chancel and tower for an additional thousand dollars. These offers were not accepted at the time. In a few months afterwards the vestry determined to accept the offers; but Mr. Richardson declined, as he was then engaged in other work, and the price of labor had greatly advanced. The vestry then concluded to commence the work under the superintendence of a building committee. Mr. King, of Raleigh, an experienced and skillful builder, was employed to have immediate charge of the work, and he made some preparation for the undertaking, but he soon became sick and died. About this time the plaintiff came to Asherville, and had several conferences with the building committee and with other members of the vestry, and engaged with them to superintend the erection of the church edifice according to the plans and specifications furnished by the architect. In the course of his employment he was to procure skilled workmen, and direct them in their labor; he was to make contracts for the delivery of suitable materials for building; he was to pay wages and for materials with the funds placed in his hands by the vestry, and keep and render proper weekly accounts of such transactions, and for his services he was to receive $125 per month.

There is no evidence directly showing that any specific time for the continuance of such employment was expressly agreed upon, and there is now a difference in the understanding of the parties upon this question. As a general rule, in an employment at monthly wages, without any definite time as to the continuance of service, either party may terminate the contract at the end of a current month. This rule will not apply when it appears from the language and other terms of the contracts, the nature of the services, and the surrounding circumstances, that the parties evidently intended that the employment should continue until the accomplishment of a definite object. In this case the object of the parties to the contract was the erection of a building according to certain plans and specifications. The plaintiff represented himself as having a long and large experience in such business, and had thus fully qualified himself for the employment, and the defendants were desirous of procuring the services of a prompt, faithful, and skillful superintendent, who would, as speedily as possible, erect the edifice designed by the architect. You can consider the evidence as to all the facts and circumstances which attended and induced the making of the contract, in forming your conclusion as to the mutual intent of the parties as to the time of service which was to be rendered by the plaintiff. If you should find that the parties contemplated the continuance of the employment of the plaintiff for the entire time necessary for the completion

of the edifice, and that such was their mutual understanding of the agreement, then you will proceed to inquire whether the defendants had sufficient legal excuse for his discharge before the work was finished. It is conceded that the plaintiff was prompt and diligent in business, and rendered correct accounts for money expended for materials and labor.

It is insisted by the defendants that, before the contract was entered into with the plaintiff, he made representations as to the probable cost of the building, which were reasonably relied on, and were a material inducement to his employment; and that those representations were false and fraudulent, and caused much injury and loss. You have heard the evidence upon this subject, and if you find that the allegation is sustained, then I instruct you that such a fraud was sufficient legal excuse for his dismissal from service.

It is further insisted on the part of the defendants that the plaintiff was not competent in scientific and mechanical knowledge and skill to construct the building in accordance with the plans and specifications furnished by the architect. Upon this question of competency you have heard the depositions and testimony of several witnesses on both sides, who are acquainted with the plaintiff and have some knowledge of his qualifications as a builder. The evidence is conflicting, and if you find, from a preponderance of evidence, that the allegation is sustained, then I instruct you that the defendants were justified in discharging the plaintiff from their employment.

It is further insisted by the defendants that the plaintiff made a material, injurious, and expensive departure from the plans and specifications without their knowledge and consent. To this charge the plaintiff replies that there was no material and injurious departure, as alleged; and even if he did not strictly follow the plans and specifications, the defendants were, informed of such departure, and by continuing his employment this alleged breach of contract was waived, and, after such condonation, was not sufficient cause for his discharge. If a person is continued in employment after a material breach of contract is fully known to the employer, a waiver and condonation is presumed by the law, and such breach cannot subsequently be relied upon as sufficient cause for the discharge of the employe. This presumption of law may be rebutted by evidence showing that there was in fact no waiver, and the jury may consider all the facts and circumstances in evidence, and determine whether there was reasonable cause for delay in discharging the employe.

It is further insisted by the plaintiff that some of the defendants very often saw the work as it progressed, and they could easily have obtained information from skilled workmen who were engaged in or saw the work, in regard to any departure from the plans and specifications, and yet his employment was continued for several months after the alleged departure. The principles embraced in the

legal maxim referred to by the counsel of plaintiff have no application to this case. As a general rule "the laws assist those who are vigilant, not those who sleep over their rights." This maxim is usually applied to persons seeking remedies in the courts, and it is the foundation of statutes of limitation, but it has a more extensive signification. In ordinary business transactions a person must avail himself of his own knowledge and all means of information within reach and easily accessible. If the truth or falsehood of a representation can be ascertained by ordinary vigilance and attention, it is a man's own fault if he neglects to inform himself by inquiry and investigation, and the law will not afford him relief from injury caused by such neglect. This rule does not apply to a case where a gross fraud has been perpetrated, or where a person has a right to rely upon the statements of another in whom peculiar confidence has been reposed. The defendants were unskilled in the work which they had undertaken, and they employed the plaintiff, upon his representations that he had the requisite knowledge and skill, to construct the edifice according to the plans and specifications. They reposed special trust and confidence in him, and they had the right to rely implicitly upon his statements in relation to his employment; and it was his duty to fully answer their inquiries and make them acquainted with his proceedings, and give them the benefit of all the information which he possessed, or by reasonable exertion could have possessed upon the subject; and there was no legal obligation requiring them to seek other sources of information. If the plaintiff misled the defendants upon these matters, or failed to give them correct and full information upon their inquiries, then they were justified in discharging him from their employment.

It is further insisted by the plaintiff that at the time he entered into the contract he reserved the right of exercising his own judgment and discretion in performing the work, when there was any discrepancy between the plans and the specifications, or when there was any uncertainty about the matter. This reservation did not authorize him to make any material departure from the plans and specifications against the will or without the consent of the defendants after they had been fully advised as to the proposed changes. You have heard the evidence and arguments of counsel upon the questions of fact in relation to a special contract for the entire time that would have been required for the erection of the building, and as to the causes for discharging the plaintiff from employment; and, guided by the principles of law which I have announced, I hope you will be able to come to a correct conclusion on this part of the case. If you find that there was a special contract for the employment of the plaintiff until the work entered upon was finished, and that the performance of his part of this entire contract was prevented by his discharge from service without legal excuse, then he is entitled to recover by way of damages $125

per month for such time as the evidence shows would have been required to construct the edifice. Under such circumstances as would induce this finding it is not necessary for the plaintiff to aver and show that he made useless efforts to have himself reinstated in employment, and was able and ready to perform the work from which he had been improperly discharged. In this place I will not refer to the question whether the defendants have a right to recoupment or diminution of damages for defects in the work, and for loss and injury sustained by unnecessary expenses incurred by the action of the plaintiff as under the system of code pleading adopted in this state, and observed and used in this court, the defendants in their answer seek to recover such damages by way of counter-claim. I will instruct you as to their rights in such proceeding when I come to consider their answer. If you should find that there was no special contract as alleged, or that the plaintiff was properly discharged, then he cannot recover upon the first cause of action stated in his complaint.

In the second cause of action the plaintiff declares upon a *quantum meruit*, and avers that he is entitled to recover the value of the work and labor performed by him, as the defendants received and used the benefits of his services. The defendants were obliged to receive and use the work which had been done under the superintendence of the plaintiff, as it was on the church lot, and they had paid for the materials, and for the work executed by the actual builders; and the structure could not be abandoned or removed without great inconvenience, loss, and expense. I am of the opinion that the plaintiff cannot recover upon this count founded upon an implied contract. The law will not imply a contract when there is an express one, unless such express contract has been rescinded, abandoned, or varied by the consent of the parties. In this case the evidence on both sides establishes a special contract, certain and definite in all its terms, except as to the duration of the employment, in which the value of the services of the plaintiff is fixed by mutual agreement, and the plaintiff cannot, upon an implied contract, obtain any other measure of damages.

It is unnecessary to further consider this count, as the plaintiff, in his third cause of action, claims his stipulated wages for seven months of actual employment. The special contract, as admitted by both parties, expressly provides that the plaintiff shall receive the sum of $125 per month, and is only indefinite as to the time of service. In considering the first cause of action in the complaint, I stated to you that upon a contract for wages payable monthly there is a legal presumption that the employment was by the month, and either party may rightfully terminate the engagement at the end of such period. I directed you to consider the evidence as to the language of the parties, the nature of the service, and surrounding circumstances, to ascertain whether this legal presumption was rebutted by it appearing that the mutual understanding and agreement of the

parties was that the employment should continue until the edifice was completed. If you find that there was such an entire contract, then upon this third cause of action I instruct you that the plaintiff is entitled to recover his stipulated wages for seven months, and his neglect to call for monthly payments in no way impaired this right. The services were performed for that period, and they were of value to the defendants, and of benefit in the subsequent construction of the edifice.

I will now proceed to consider the legal right of the defendants to recover damages under their counter-claim, which is in the nature of a cross-action. They aver that before they employed the plaintiff he was fully advised of the amount of funds which they had on hand and could reasonably anticipate for the purpose of erecting the building; and also of the offers which had been made by Mr. Richardson to undertake the construction, and plaintiff told them that he could probaly save them $500 on such offers. That this representation was reasonably relied on, and constituted a material inducement to the contract of employment, and it was false and fraudulent, and all the funds on hand were expended by plaintiff before all the foundation walls of the edifice had reached the water-table, and before a large part of the dressed stones, mentioned in the specifications, had been finished. When representations are made by one party to a contract, which are material, and may be reasonably relied upon by the other party, and such representations are false and fraudulent, and cause loss and injury, the party thus deceived is entitled to recover damages for the loss and injury sustained. You have heard the evidence upon this subject, and if it supports the allegation you should return a verdict for the defendants, assessing the damages in accordance with the loss and injury sustained, as shown by the evidence.

The defendants further insist that the plaintiff, before his employment, assured them that he was fully competent in knowledge, experience, and practical skill to construct the building according to the plans and specifications of the architect; and that, without their consent or approval, he willfully or ignorantly made material departures from such plans and specifications, which made the foundation walls insecure, and caused a much larger expenditure in construction than was contemplated by the architect; that the plans and specifications required that the walls should be bound together by bond-stones placed at certain distances from each other, and passing entirely through the wall, and that the walls should be built with uncoursed rubble-stones laid in horizontal lines and vertical joints; that the plaintiff used no such bond-stones, and the outside of the wall was built of ashlar stones of uniform thickness, cut, and dressed smoothly in bed and joints, and laid in continuous courses; and that the walls were rendered less secure, and the cost of material

and labor was far more expensive, than contemplated in the specifications. You have heard the statements and explanations of the plaintiff. Several intelligent and experienced builders and artisans have, in their, testimony, explained the terms of art used in the plans and specifications, and, after a careful examination of the work, they have given you their opinion upon the matters in controversy. Although tnere is some conflict in the testimony, I hope you may be able to understand the subject, and correctly decide the questions of fact involved. If you find that the plaintiff departed from the plans and specifications without the consent or approval of the defendants, and such departure rendered the foundation walls insecure, and caused greater expense in the work than was contemplated by the architect, then the defendants are entitled to such damages as the evidence shows that they sustained by reason of defective work and increased expenditures.

The pleadings and trial in this case have been conducted in accordance with the mode of procedure provided in the Code system of this state, and there are substantially cross-actions between the parties. If you find that one party alone is entitled to recover, you will so render your verdict; but if you should think that the plaintiff has sustained the allegations of his complaint, and the defendants have proved their counter-claim, then you will assess the amount to which each party may be entitled, and deduct the less sum from the greater, and render your verdict for the party in whose favor the balance may appear.