## LUCE et al. v. SAN DIEGO LAND & TOWN CO.

### No. 19,375; July 26, 1894.

#### 37 Pac. 390.

**Master and Servant—Contract of Employment.—**Plaintiffs, by letter, offered their services to defendant for $5,000 a year. Defendant replied that plaintiffs' "names shall appear on the pay-roll at the rate of $416.66 per month." Later, defendant's president in-

quired if the salary was satisfactory, and plaintiffs replied that they did not know whether they were employed by the month or year; that they would accept no employment except by the year, to which defendant's president consented. Held, that the employment was by the year, at $5,000, payable monthly.[1]

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by M. A. Luce and another against the San Diego Land & Town Company for a balance due on salary. Judgment for plaintiffs, and defendant appeals. Affirmed.

Works & Works for appellant; E. W. Britt for respondent.

GAROUTTE, J.—This is an action to recover the sum of $4,166.68, alleged to be the balance due on the annual salary of respondents as the attorneys of appellant, from the first day of March, 1892, up to and including the last day of February, 1893, with interest thereon. On the first day of March, 1889, the law firm of Luce, McDonald & Torrance, which up to that time had been acting as the attorneys of appellant, at a salary of $83.33 per month, wrote a letter to the land and town company, appellant, explaining the condition of the corporation's legal affairs at that time, and asserting that for some time thereafter an extra amount of labor would devolve upon them as attorneys of the company, by reason of important cases then pending. Among other matters this letter contained the following statement: "We have, as before stated, given the matter very careful consideration, and have concluded that, until these important matters in litigation are disposed of, an annual salary of $5,000 is the least sum for

---

[1] Cited along with many other cases, to show the various aspects in which the question has been viewed, in Maynard v. Royal Worcester Corset Co., 200 Mass. 5, 85 N. E. 879, whereupon the court goes on to say: "Without reviewing the cases or analyzing the principles to determine which is the soundest view, it is enough to say that the use of the sum of money equivalent to a year's pay, in describing the amount which the plaintiff was to receive, was a proper circumstance for consideration in connection with other incidents. The length of the term of service reasonably inferable as the understanding of the parties, from their words, course of dealing and other acts, was a fact to be determined upon all the evidence."

which we ought to take upon ourselves the labor and responsibilities incident to continuing our position as general attorneys for the company in this county and state.'' In due course, the plaintiffs, in reply, received from the president of the defendant a letter containing, among other matters, the following: ''In view of the coming litigation, and the trial of the causes which are enumerated by Judge McDonald, I think that their statement that their present compensation is not adequate is correct. . . . . I note, however, the suggestion of our attorneys that they shall receive on and after March 1st compensation at the rate of $5,000 per annum; the same, I suppose, to be payable monthly, in conformity to the precedent hitherto. I think this is carrying our legal expenses rather beyond the limit which we ought to incur, especially as many of the cases enumerated may never come to trial. This is not a matter, however, in which we can afford to resort to dickering. You may therefore inform Messrs. Luce, McDonald & Torrance that on and after March 1st, until a change shall be made, their names shall appear on the pay-roll at the rate of $416.66 per month.'' Within a few days subsequent to the receipt by plaintiffs of this letter, William G. Dickinson, general manager of the defendant (appellant), held a conversation with plaintiffs, wherein the following occurred, as appears by the uncontradicted testimony of the plaintiff McDonald: ''Colonel Dickinson inquired if we had received his letter in regard to our proposition for salary. I informed him that we had. He then inquired if the proposition was satisfactory. Judge Torrance replied that we didn't know exactly whether it was satisfactory or not. Colonel Dickinson replied by inquiring wherein it was unsatisfactory. Judge Torrance replied that 'we had made a proposition for a yearly employment, and that the letter which we had received in reply stated that we would be placed on the pay-roll at the rate of $416.66 per month,' and that he (Torrance) 'didn't know whether the company meant by that to employ us by the month, or whether it had accepted our proposition for a yearly employment.' Colonel Dickinson replied: 'Why, Judge McDonald knows how that is. He has been on the pay-roll before, and knows that we always pay by the month. In his case he has been receiving a thousand dollars a year, divided into twelve monthly payments of $83.33 a month.'

Judge Torrance replied: 'Well, there might possibly be some contention with regard to the terms of the employment, and we would under no circumstances accept an employment other than by the year.' Colonel Dickinson replied: 'We would no more employ you by the month than you would be employed by it; for we are no more anxious to have you leave us in the lurch at some time in the future, or jump your salary on us—raise it again—than you are willing that we should have the right of discharging you at any day that we saw fit.' Judge Torrance said: 'Well, we are perfectly willing, as stated in our letter, to be employed by the year at five thousand dollars per annum. But,' he said, 'I think the proper construction of the two letters means a yearly employment, and nothing else, but I didn't want to leave it in any doubt. I want it distinctly understood that the employment is by the year.' Colonel Dickinson replied: 'If it is a monthly payment that you object to, we will pay you by the year, if you want to be paid that way instead of by the month. But,' he said, 'we have always been paying by the month, and I supposed that would be more agreeable to you.' Both Judge Torrance and myself stated that it would be more agreeable to us to be paid in monthly installments than any other way. Colonel Dickinson then made some reference to the business of the National City and Otay Railway Company. We told him that that was perfectly satisfactory; that we would attend to the business of the National City and Otay Railway Company, and all other matters or interests in which the land and town company was interested, for the salary of five thousand ·dollars a year. He said it was all right.'' The case was tried by the court, without a jury, and the only contention at the trial was as to whether plaintiffs' employment by the defendant was by the year, at an annual salary of $5,000, payable in monthly installments of $416.66; and the findings were in favor of such contention. This appeal is prosecuted from the judgment and order denying a motion for a new trial, and it is now insisted that the evidence is insufficient to support these findings of fact made by the court.

There is no substantial conflict in the evidence, and we have quoted the important and controlling portions of it. Viewing this evidence from any standpoint, we think the case before us a very simple one. Plaintiffs, by letter, offered their

services to defendant at an annual salary of $5,000. If defendant's letter be construed as constituting an acceptance of the offer, then plaintiffs' cause of action is complete, and the judgment is right. If defendant's letter does not constitute an acceptance of plaintiffs' offer, then the two letters, taken together, do not constitute a binding contract, and no recovery to any extent could be based thereon. It cannot be successfully urged that defendant's letter was an offer to hire plaintiffs by the month, and that plaintiffs accepted such offer and rendered services thereunder; for they at all times asserted to Dickinson, the general manager of defendant, that they would not enter into a contract of that character. Again, if the letters did not constitute a contract of hiring by the year, they constituted no contract at all, for certainly the minds of the contracting parties never met upon any other terms and conditions. If these letters constituted no contract, then a contract for employment by the year was entered into with plaintiffs by the general manager of the defendant corporation. That the general manager of a corporation doing business in California (its president and directors living in a distant state) had the right to make the contract here sued upon is too clear to demand the citation of authority. It is thus apparent from any aspect of the case that plaintiffs are entitled to recover. For the foregoing reasons, it is ordered that the judgment and order be affirmed.

We concur: Harrison, J.; Van Fleet, J.