ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

CHARLES B. MAYNARD *vs.* ROYAL WORCESTER CORSET COMPANY.

Worcester. September 28, 1908. — October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract*, Construction, Performance and breach. *Damages. Evidence. Practice, Civil*, Requests for rulings.

At the trial before a judge without a jury of an action of contract for salary alleged to be due to the plaintiff from the defendant, a corporation, a question at issue was, whether the plaintiff was employed for a year or for a shorter period. There was evidence tending to show that the plaintiff was a director of the defendant and had been employed also to perform other services than those of a director for several years, receiving his pay weekly, that the financial year of the defendant began December 1, that on December 9, 1904, the defendant's board of directors voted that the "salaries" of the president, treasurer, clerk, one B. and the plaintiff "be increased twenty per cent on the amount of their salaries for the year 1904," and the plaintiff was given such increase in one payment, that similar increases and readjustments of salary were made before the middle of December in each of the next two years, that early in December, 1906, one authorized by the defendant stated to the plaintiff, "Your salary for the coming year will be" a certain sum, that about the middle of September, 1907, the president of the defendant, who had authority to employ and discharge employees, notified the plaintiff that, unless he changed certain conditions, his "contract would terminate" January 1, and

that the plaintiff replied "If you wish . . . I will accept and make my plans accordingly January first." *Held*, that there was evidence from which a finding was warranted that the employment of the plaintiff was for a yearly period ending November 30, which was by subsequent agreement extended to January 1.

At the trial of an action of contract for salary to the amount of $1,378 alleged to be due to the plaintiff from the defendant, there was evidence tending to show that the defendant had agreed to employ the plaintiff to January 1 of a certain year, and had discharged him without cause in the middle of the preceding September, that according to the agreement of employment there would have been paid to the plaintiff for the period from the time when he was discharged to January 1 the amount claimed in the declaration; and it appeared that the plaintiff made no effort to secure employment during that period and was of the opinion that he could not have secured a position if he had tried to do so, and that in December he was making arrangements to go into business for himself. The trial judge ruled that the measure of damages would be the difference between the salary promised to the plaintiff and what he could have earned in some other place or occupation, and found for the plaintiff in the sum of $685. The defendant excepted and contended that the plaintiff was entitled to recover only nominal damages. *Held*, that the finding of the judge was warranted.

In an action of contract for salary alleged to be due under a special contract with the defendant for a period during which the plaintiff was idle after being discharged without cause, in deciding whether or not the plaintiff made a *bona fide* effort to secure other employment, a judge hearing the case without a jury is not precluded from using his own knowledge of practical affairs or applying his judicial sense to the consideration of a matter of such common occurrence as securing employment.

A refusal by a judge, before whom an action at law is being tried without a jury, to grant a request that the plaintiff is not entitled to recover on a certain count of the declaration, is equivalent to a finding that the plaintiff is entitled to recover on that count.

CONTRACT for salary alleged to be due to the plaintiff from the defendant, the first count being for $961.50, alleged to be due for the period from September 21, 1907, to and including November 30, 1907; and the second for $416.66, for a period from December 1, 1907, to and including December 31, 1907. Writ in the Superior Court for the county of Worcester dated February 8, 1908.

There was a trial before *Gaskill*, J., without a jury, who found for the plaintiff in the sum of $685; and the defendant alleged exceptions. The facts are stated in the opinion.

The case was submitted on briefs.

*W. E. Sibley & C. M. Blair*, for the defendant.

*J. S. Gould*, for the plaintiff.

RUGG, J. This is an action of contract, by which the plaintiff seeks to recover from the defendant money claimed to be

due on account of salary. There are two counts in his declaration, the first alleging salary due, under a contract for one year, to December 1, 1907, and the second that due under a separate contract for the month of December. The case was heard before a judge of the Superior Court, who found for the plaintiff in a sum less than the salary. The defendant's exceptions bring before us the questions whether all the evidence warranted a finding that there were contracts for stipulated periods of time between the plaintiff and the defendant, and whether there was sufficient evidence to warrant a finding as to damages.

A finding of a court upon matters of fact, like a verdict of a jury, cannot be revised on exception, unless it appears that there is no evidence to support it. The only questions open relate to the correctness of the rulings of law, and whether the finding of fact was warranted by the evidence, under the rules of law applicable. *Wylie* v. *Cotter,* 170 Mass. 356. *Worthen* v. *Cleaveland,* 129 Mass. 570. *Schendel* v. *Stevenson,* 153 Mass. 351.

The evidence was somewhat conflicting, but, having regard only to its aspects most favorable to the plaintiff, [as we must in passing upon the action of the judge of the Superior Court,] would justify a finding that he had been in the employ of the defendant for several years, with the duty, among others, of figuring costs; he was also a director of the company, and always received his pay weekly; the financial year of the defendant began on the first day of December, and on December 9, 1904, its board of directors voted that the salaries of the president, treasurer, clerk, one Bennett and the plaintiff " be increased twenty per cent. on the amount of their salaries for the year 1904 "; a short time thereafter a single payment for the amount so voted for the year then just ended was made to the plaintiff; under date of December 20, 1905, the defendant's board of directors passed a vote respecting the same persons, that their " salaries . . . be increased twenty per cent. on the amount of their present salaries for the year 1905 "; on December 12 or 14, 1906, the treasurer of the defendant said to the plaintiff, " Mr. Fanning requests me to say your salary for the coming year will be $5,000, and he also wished me to state that your last year's salary will be $5,000 "; the salary for the year preceding had been $4,000, and $1,000 was

immediately paid to the plaintiff, and the weekly payments thereafter made were on the basis of $5,000 per year; about the middle of September, 1907, Mr. Fanning, the president of the defendant, who was authorized to employ and discharge employees and fix their salaries, said to the plaintiff, that, unless he changed certain conditions, his contract would terminate January 1, to which the plaintiff replied, " If you wish . . . I will accept and make my plans accordingly January first." In the latter part of September the plaintiff was discharged without adequate cause.

Whether there is a contract for services for a definite period of time in any case depends upon all the attendant conditions surrounding the agreement, as well as upon its terms, when the latter are not specific and clear. Several features tend to support the contention that the plaintiff was employed for a year from the first of December, 1906. For three years at least there had been an annual readjustment of compensation, early in December. Where there has been a recognition of annual employment, the bare continuance of service after the expiration of the term without anything being said is of some importance in the inquiry, whether the contract of service is renewed by implication for the like period. *Dunton* v. *Derby Desk Co.* 186 Mass. 35. The word " salary " was used both in the vote of the board of directors for the years 1904 and 1905 and in the conversation between the treasurer of the defendant and the plaintiff, in describing the compensation which the plaintiff was to receive. This word is perhaps more frequently applied to annual employment than to any other, and its use may import a factor of permanency. *Henderson* v. *Koenig*, 168 Mo. 356. *People* v. *Myers*, 11 N. Y. Supp. 217. See *sub nomine* Burrill's Law Dictionary. The unit of time used in describing the compensation was one year. In many jurisdictions this fact standing alone is regarded as sufficient evidence of the term of employment, and perhaps this is the implication of *Nichols* v. *Coolahan*, 10 Met. 449. Although some courts hold that a hiring at so much a year, where no time is specified, is indefinite and may be terminated at will (see *Martin* v. *New York Ins. Co.* 148 N. Y. 117, *Pinckney* v. *Talmage*, 32 S. C. 364, *Prentiss* v. *Ledyard*, 28 Wis. 131, *Haney* v. *Caldwell*, 35 Ark. 156,

*Parlett* v. *Guggenheimer*, 67 Md. 542, *Orr* v. *Ward*, 73 Ill. 318, *The Pokanoket*, 156 Fed. Rep. 241), the weight of authority is that this circumstance alone, in the absence of any other consideration impairing its weight, will sustain a finding that there was a hiring for that period. *Emmens* v. *Elderton*, 4 H. L. Cas. 624, 640. *Buckingham* v. *Surrey & Hants Canal Co.* 46 L. T. (N. S.) 885. *Foxall* v. *International Land Credit Co.* 16 L. T. (N. S.) 637. *Chamberlain* v. *Detroit Stove Works*, 103 Mich. 124. *Beach* v. *Mullin*, 5 Vroom, 343. *Moss* v. *Decatur Land Improvement & Furnace Co.* 93 Ala. 269. *Young* v. *Lewis*, 9 Texas, 73. *Kellogg* v. *Citizens Ins. Co.* 94 Wis. 554, 558. *Magarahan* v. *Wright*, 83 Ga. 773. *Smith* v. *Theobald*, 86 Ky. 141, 146. *Kirk* v. *Hartman*, 63 Penn. St. 97. *Luce* v. *San Diego Land & Town Co.* 37 Pac. 390. *Horn* v. *Western Land Association*, 22 Minn. 233. *Cronemiller* v. *Duluth Superior Milling Co.* 134 Wis. 248. *Jones* v. *Vestry of Trinity Parish*, 19 Fed. 59. Without reviewing the cases or analyzing the principles to determine which is the sounder view, it is enough to say that the use of the sum of money equivalent to a year's pay, in describing the amount which the plaintiff was to receive, was proper for consideration in connection with other incidents. The length of the term of service reasonably inferable as the understanding of the parties, from their words, course of dealing and other acts, was a fact to be determined upon all the evidence. Grouping all these circumstances, and giving them the color most favorable to the plaintiff, as the trial judge had a right to do, we cannot say that his finding, that the contract alleged in the first count was made, was unjustified. *Tatterson* v. *Suffolk Manuf. Co.* 106 Mass. 56. *Davis* v. *Ames Manuf. Co.* 177 Mass. 54.

The refusal to grant the fourth prayer of the defendant, to the effect that the plaintiff was not entitled to recover on the second count of his declaration, was equivalent to a finding that he was so entitled. See *Jaquith* v. *Davenport*, 191 Mass. 415, 418. This determination also is not without supporting evidence. The testimony of the plaintiff, that Mr. Fanning said to him in September that, unless certain conditions changed, his contract would end January 1, together with the plaintiff's reply that he would accept and make his plans accordingly for January 1, which perhaps carried a little further and clinched the proposition of Mr.

Fanning, would authorize the finding of a contract for service, which included December.

The plaintiff testified that he made no effort to secure employment, from the time he was dismissed from the service of the defendant, on September 21, until January 1 following, and that he did not think he could have secured a position if he had tried during that time, and that in December he was making arrangements to go into business for himself. This was the only oral evidence, outside the amount of salary which he had received from the defendant, as to the damages sustained. It is strongly urged by the defendant that, on this state of the testimony, the plaintiff is entitled to recover only nominal damages. Where one is under contract for personal service, and is discharged, it becomes his duty to dispose of his time in a reasonable way, so as to obtain as large compensation as possible, and to use honest, earnest and intelligent efforts to this end. He cannot voluntarily remain idle and expect to recover the compensation stipulated in the contract from the other party. *Olds* v. *Mapes-Reeve Construction Co.* 177 Mass. 41. *Ransom* v. *Boston,* 192 Mass. 299, 307; *S. C.* 196 Mass. 248. The amount of damages is to be determined by the wages which he would have earned under the contract, less what he did in fact earn or in the exercise of proper diligence might have earned in another employment.* *Cutter* v. *Gillette,* 163 Mass. 95. It seems to be the generally accepted rule that the burden of proof is upon the defendant to show that the plaintiff either found, or, by the exercise of proper industry in the search, could have procured other employment of some kind reasonably adapted to his abilities, and that in absence of such proof the plaintiff is entitled to recover the salary fixed by the contract. *Milage* v. *Woodward,* 186 N. Y. 252. *Porter* v. *Burkett,* 65 Texas, 383. *Bennett* v. *Morton,* 46 Minn. 113. *Beissel* v. *Vermillion Farmers Elevator Co.* 102 Minn. 229. *Hendrickson* v. *Anderson,* 5 Jones, 246. *Troy Co.* v. *Logan,* 96 Ala. 619. *Fitzpatrick Square Bale Ginning Co.* v. *McLaney,* 153 Ala. 000.

---

* The trial judge gave the seventh ruling requested by the defendant, which was as follows: "If a contract is proved by the plaintiff with the defendant and a breach of said contract proved, the rule or measure of damages would not be the salary promised but the difference between the salary and what he could have earned in some other place or occupation."

*King* v. *Steiren*, 44 Penn. St. 99.   *Barker* v. *Knickerbocker Ins. Co.* 24 Wis. 630, 638.   *Hamilton* v. *Love*, 152 Ind. 641.   *Mathesius* v. *Brooklyn Heights Railroad*, 96 Fed. Rep. 792.   *Winkler* v. *Racine Wagon & Carriage Co.* 99 Wis. 184.   *Larkin* v. *Hecksher*, 22 Vroom, 133.   *Rosenberger* v. *Pacific Coast Railway*, 111 Cal. 313.   *Roberts* v. *Crowley*, 81 Ga. 429.   *Realty Co.* v. *Ellis*, 4 Ga. App. 402.   *Fuller* v. *Little*, 61 Ill. 21.   *Saxonia Mining & Reduction Co.* v. *Cook*, 7 Col. 569.   *Chisholm* v. *Preferred Bankers' Assur. Co.* 112 Mich. 50, 55.   *Boland* v. *Glendale Quarry Co.* 127 Mo. 520.   *Chamberlin* v. *Morgan*, 68 Penn. St. 168.   *Latimer* v. *York Cotton Mills*, 66 S. C. 135.   If this view be correct, the defendant has no ground for complaint, because he introduced no evidence.   It is not necessary to decide in the present case whether this is the correct rule.   It is enough to say that the contrary view, which prevails in Kentucky, Mississippi and perhaps elsewhere (see *John C. Lewis Co.* v. *Scott*, 95 Ky. 484; *Shepherd* v. *Gambill*, 29 Ky. L. R. 1163; *Hunt* v. *Crane*, 33 Miss. 669) has not been distinctly adopted heretofore in this Commonwealth.   *Busell Trimmer Co.* v. *Coburn*, 188 Mass. 254, 257, relied upon by the defendant as establishing this principle, was not an action between the employee and his employer, but one in which the plaintiff, the employer, sought to justify in an action on a written contract of indemnity against a third person a payment made to an employee for breach of contract of employment.   Of course such a plaintiff is bound to make out his case by preponderance of the credible evidence, as does any other suing for money paid under the terms of a written contract.   In *Ransom* v. *Boston*, 196 Mass. 248, it was plain that the plaintiff was voluntarily idle.   The finding of the judge in the present case was for a less amount than the contract price, although there was the testimony of the plaintiff that he did not think he could have secured employment if he had tried.   There was evidence tending to show that during a part of the time at least covered by the contract he was engaged in preliminary preparations for establishing a business on his own account.   From these circumstances, as well as from the plaintiff's own manner in testifying and other inferences, which the trial judge drew from the appearance of the witness, he might have been satisfied that prompt, reasonable and *bona fide* efforts to obtain other employment would have been

successful, or that by the use of his time for his own advantage in his private business he would have gained such value as to reduce materially the amount, which he might otherwise recover from the defendant. *Alaska Fish & Lumber Co.* v. *Chase,* 128 Fed. Rep. 886. The judge was not precluded from using his own knowledge of practical affairs or applying his judicial sense to the consideration of a matter of such common occurrence as securing employment. If opinion evidence had been introduced, the judge would have used it or not as he found it credible and helpful. He might well have been guided quite as much by his judgment of the value of the plaintiff's services, based upon his appearance, the character of work he had done and was competent to do, and the wages he had received. It is the same problem, which courts and juries often solve in passing upon the extent of personal injury, and in determining how long disability may continue, and how soon and at what compensation employment may be found. They are frequently compelled to act upon evidence as slender as that in the present case. That it is difficult to ascertain the damages or that they depend upon events which are contingent, uncertain or matter of opinion is no sound objection to the recovery. *The Mediana,* [1900] A. C. 113. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220. Therefore, on this branch of the case also the finding of the judge is not wholly unsupported.

*Exceptions overruled.*