*Decision affirmed.*

---

## Hugh P. McNally & another *vs.* William I. Schell.

Suffolk.     December 6, 1935. — January 30, 1936.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Qua, JJ.

*Contract,* Construction, For the management of real estate. *Damages,* For breach of contract. *Evidence,* Presumptions and burden of proof.

A bilateral contract between the owner of a building and an agent, for the management of the property and collection of rents by the agent on commission for five years, was construed as importing an implied promise by the owner to employ the agent during the entire term.

In an action for breach of a contract to employ the plaintiff for five years as agent to manage real estate and collect the rents for a commission, upon proof of the gross amount of commissions that the plaintiff would have received had he been allowed by the defendant to perform the contract, the burden was on the defendant to reduce the damages by evidence of what it would have cost the plaintiff to perform it.

CONTRACT OR TORT.    Writ in the Municipal Court of the City of Boston dated September 19, 1934.

Upon removal to the Superior Court, the action was tried before *Dillon,* J.    There was a verdict for the plaintiffs in the sum of $2,637.94.    The defendant alleged exceptions.

*H. Bergson,* for the defendant, submitted a brief.

*M. Jenckes,* for the plaintiffs.

PIERCE, J.    This case is here on two exceptions of the defendant saved at a trial to a jury in the Superior Court. The first exception is to the refusal of the trial judge to order a verdict for the defendant, and the second is to the portion of the charge with reference to damages.    The amended declaration sets out a claim for breach of con-

tract and alleges that on April 5, 1928, the plaintiffs made
an agreement in writing with the defendant to manage
the building at 401 Beacon Street, Boston, for a period
of five years from September 1, 1927; that by the terms
of said agreement they would receive in compensation for
their services five per cent of the rentals collected from
the tenants in the building; that on or about February 18,
1929, the defendant sold the property and thereafter the
plaintiffs were not permitted by the new owner to collect
the said rentals, and that the commissions on the amount
of rentals collected up to the expiration of their agreement
amounted to $2,950, which amount they sought, less a
credit of $340.49. The answer is a general denial. The
plaintiffs' amended declaration and the defendant's answer
are incorporated in the bill of exceptions by reference and
made a part of it.

At the trial the plaintiffs proved the execution of the
agreement set forth in their declaration. They introduced
evidence tending to show that, acting under said agree-
ment, they procured tenants for the building, described by
street and number in the agreement, at an annual rental of
$4,000 a tenant and that they managed the building in
accordance with the terms of the agreement until Feb-
ruary 18, 1929, when they received written notice from
the defendant that he had sold the property to "E. M.
Blunt Inc."; that the new purchaser declined to permit
the plaintiffs to manage the property; that the tenants
continued to pay their rents at the same rate until Sep-
tember 1, 1932; that the plaintiffs were paid all the com-
missions due them on rentals collected by them while the
property was in the possession of the defendant, and
had the sum of $340.49 left in their hands for which they
gave the defendant credit in their declaration. There was
also evidence that the sale of the property on February
18, 1929, to E. M. Blunt Inc., was made by the defend-
ant in good faith, and that five per cent of the rentals
paid by the tenants to E. M. Blunt Inc., from March 1,
1929, to September 1, 1932, amounted to $2,950. The
foregoing is substantially all the material evidence in the

case upon the issues raised by the bill of exceptions. At the close of the evidence the defendant filed a motion for a directed verdict which the judge denied, and the defendant duly excepted.

In his charge to the jury on the question of damages the judge, subject to the defendant's exception, said: "These rents may be considered as the basis of the gains which they (the plaintiffs) were prevented from getting, the amount claimed $2,569.51 [*sic*]. If you say that $2,569.51 [*sic*] is the commission on the rents collected, if you find that the plaintiffs have proved the contract, that is the amount which you may find, with interest from the date of the writ." The jury returned a verdict for the plaintiffs in the full amount claimed in the declaration, and interest.

In support of his motion for a directed verdict the defendant contends, in substance, that he never agreed to employ the plaintiffs to manage the property at 401 Beacon Street for a period of five years from September 1, 1927; that the trial judge was in error when he assumed that because the plaintiffs agreed to manage the property for five years the agreement thereby meant that the defendant agreed to employ the plaintiffs for five years; that there is no requirement in law that in a bilateral agreement the promises of the parties thereto should be mutually coextensive, and it is perfectly proper for one man to contract to be bound for a greater length of time than another; that in the case at bar the plaintiffs, who drew the agreement, elected to offer their services and be bound to the defendant for a period of five years, but it was wholly optional with the defendant whether he would accept their services for the full five years or any part thereof.

The agreement is to be construed as of the date when it was signed and executed in the light of all the attendant conditions as well as upon its terms when the latter are not specific and clear. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 4. It does not specifically provide that the defendant shall employ the plaintiffs for a defined term. It does clearly provide that the plaintiffs shall perform the services for the defendant described and enumer-

ated in the agreement for a period of five years from September 1, 1927, and "for such further period as may elapse until one of the parties . . . [to the agreement] shall give to the other ninety (90) days' notice in writing of the cancellation of this agreement, such notice, however, to be given upon the first day of any month."

On this branch of the case the only question for decision is whether the agreement when executed was revocable at the pleasure of the defendant because it contained no express terms that the defendant should continue to employ the plaintiffs for five years or for any extended period of time provided for therein, or whether the agreement in the light of all its provisions implied a promise by the defendant to employ the plaintiffs for the period covered by the plaintiffs' promise. Regarded from the date of its execution the agreement manifestly contemplated a permanency in the relations of the plaintiffs and the defendant. It provided, among other things, for the active coöperation of the plaintiffs and the defendant involved in the execution of leases for tenants "whose applications are accepted" by the defendant; for the maintenance of "rentals within minimum expenses"; for the collection of rents by suits; for the institution of summary proceedings in the name of the plaintiffs or in the name of the defendant for the recovery of possession of the property or any part thereof. It also provided that the plaintiffs should receive compensation at a specified percentage of the gross rentals collected; that additional commissions be paid the plaintiffs in case the defendant should accept tenants procured or presented by other brokers; that the defendant should reimburse the plaintiffs for all expenses incurred in connection with the property and indemnify and hold harmless the plaintiffs against all claims arising out of their management and "It is further agreed that when this contract terminates and if at the time of such termination there shall be in existence any leases or renewals or extensions of leases with unexpired terms (which leases or renewals or extensions have been secured during the continuance of the agreement) the Owner agrees to pay to the

Agent, in addition to the charges previously set forth, a sum equal to the regular brokerage commission adopted by the Boston Real Estate Exchange for the unexpired term of such leases, renewals or extensions of leases."

The agreement was not void or voidable for want of consideration or as failing in mutuality. It bore the individual seals of all parties to it. The parties stood on equal footing. The agreement when considered as a whole should be construed to import an implied promise on the part of the defendant not to disable the plaintiffs from their performance of the services to be rendered by them for him and thereby prevent them from receiving the commissions which they were entitled to withhold from the rentals. We think the case is distinguishable on its facts from *Harper* v. *Hassard*, 113 Mass. 187, relied on by the defendant, in that under the agreement in the case at bar the parties plainly contemplated a continuance of the contractual relations until the termination of the promise of the plaintiffs.

On the second branch of the case, which relates to the rule of damages to be applied, the defendant contends that the rule laid down by the judge, *supra*, was erroneous because it disregarded the cost to the plaintiffs of earning the commissions. We think the plaintiffs established a *prima facie* case and that the burden was upon the defendant to meet that case before the plaintiffs were called upon to produce evidence that it would cost them nothing to manage the property, or to show what it would cost so that this amount could be deducted from the gross amount and a verdict rendered for the difference. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 6, and cases cited. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 380–381. Applied to the facts in evidence we see no error in the instructions given.

*Exceptions overruled.*
*Motion for double costs denied.*