ISAAC P. DAVIS *vs.* AMES MANUFACTURING COMPANY.

Hampden.    September 25, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract of Hiring — Construction — Length of Term of Service —*
*Question of Fact.*

In this case, which was an action for breach of a contract of hiring, the letter from the plaintiff to the defendant agreeing to work for the defendant at a specified compensation "per year as per our conversation . . . to-day," and the defendant's letter of acceptance being silent in regard to the length of the term of service, it was a question of fact on all the evidence, applying the letters to the subject matter and to the circumstances under which they were written, what was the reasonable understanding of the parties as to the length of the term to which the contract applied.

CONTRACT, to recover a balance of salary. The declaration was as follows: " 1. Now comes the plaintiff and says that the defendant entered into a valid contract with the plaintiff, whereby the plaintiff agreed with the defendant to act for and serve it in the capacity of superintendent, for the period of one year from March 1, 1897 ; that in consideration thereof the defendant duly agreed with the plaintiff to pay him for his service as superintendent as agreed the sum of $1,800 per year; that in pursuance of said agreement the plaintiff commenced to act for and serve said defendant, as its superintendent, on said March 1, 1898, and so continued to act until about July 1, 1898, at which time the defendant refused to allow the plaintiff to further so act and serve it, and refused, and has ever since refused and neglected, to carry out the contract by it made with the plaintiff, and the plaintiff has performed and been ready to perform all the terms of his contract with the defendant. 2. And the plaintiff says the defendant owes him the sum of $1,200, according to the account hereto annexed.

" To one year's service as superintendent, as
    per contract . . . . . . . . . . . $1,800.00
               Cr. by cash . . . . . . .    600.00
                                 $1,200.00 "

The answer set up that the contract was a hiring from year to year, and was one " which could be terminated at any time by either party giving reasonable notice to the other." The plaintiff, who was paid in full to July 1, 1898, contended that the contract constituted a hiring by the year, and that because he continued to work after the expiration of the year the jury could infer a contract for another year.

At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff in the sum of $1,075; and the defendant alleged exceptions, which appear in the opinion.

*J. H. Loomis & S. S. Taft*, for the defendant.

*W. H. Brooks & W. Hamilton*, for the plaintiff.

KNOWLTON, J.   The principal question considered at the trial was what the contract was under which the plaintiff was employed at the time when he was discharged from the defendant's service.

There was no dispute that the parties entered into a contract in writing by the interchange of two letters, as follows:

" Springfield, Feb. 25, 1897.   Mr. Aretas Blood, President, Manchester, N. H.   Dear Sir : I will agree to take charge of the Ames Mfg. Co. plant at Chicopee as Supt. for eighteen hundred dollars per year as per our conversation at the office in Boston to-day.   Respectfully yours, Isaac P. Davis."

" Manchester, N. H., Feb. 26, 1897.   Mr. Isaac P. Davis, No. 221, Springfield, Mass.   Dear Sir : Your favor of the 25th inst. is to hand, and in reply thereto I accept your proposition to act as Supt. for the Ames Mfg. Co. at Chicopee, at a salary of eighteen hundred dollars ($1,800) per year.   You can commence when convenient for you.   Yours truly, Aretas Blood, President."

It is agreed that no express contract was afterward made between them, and therefore the contract existing at the time of the plaintiff's discharge was such as ought to be inferred from the previous existence of the written contract and from the acts and conversation of the parties afterwards.   There was much dispute as to what these conversations were, the testimony of the plaintiff tending to show that the original contract was in force when he was sent away by the defendant's president, and the evidence of the defendant tending to show that for a

long time previously it was understood by both parties that the plaintiff was there only for an indefinite period, which was to continue only a short time. The original contract, in its true meaning and legal effect, was important evidence upon the question what the contract was under which the plaintiff was employed when discharged.

The defendant asked the court to rule that "under all the evidence in the case it cannot be said, as matter of law, that there was a hiring of the plaintiff by the year," and that, "if there was a contract of hiring by the year, it might be determined by either party upon notice to the other." The judge declined to rule in this way, and in his charge seems to have treated the contract as an absolute hiring for at least a year. He told the jury that "all the talk which took place when the plaintiff was there prior to the time of the two letters goes for nothing," and that the whole contract was contained in the writing, and that from the letters they "would have the right to infer that that was a contract for a year of service, that being all there was to the contract." Although he used the expression, "would have a right to infer," he continued the charge in a way which seems to assume that this was the true construction of the contract, and he made no reference to any other possible construction of it. The charge, taken in connection with his refusal to give the rulings requested, we consider equivalent to a ruling, as matter of law, that the original contract was to continue for at least a year, and that it could not be terminated by a notice within that time.

Now, the letters are silent in regard to the length of the term of service. The language is consistent with a hiring for a term of one or more years at the specified salary, or for a term of indefinite length, subject to be terminated by either party by a reasonable notice to the other, compensation to be at the rate specified, so long as the term might continue. For the purpose of interpreting and applying the contract in this particular the conversation between the parties prior to the writing of the letters, which is expressly referred to in the first letter, was important. It appears by the judge's charge, as well as by the letter, that there was a "talk" or "conversation." There was also testimony that the defendant's president, long before the expira-

tion of the first year, told the plaintiff that the Blood estate "had put in all the money which it proposed to put in, and that the concern would go out of business as soon as it could close up its affairs," and that there were other similar conversations between them later, and that at none of them did the plaintiff "claim he had any contract for any definite time." It was a question of fact on all the evidence, applying the letters to the subject matter and to the circumstances under which they were written, what was the reasonable understanding of the parties as to the length of the term to which the contract applied. *Tatterson* v. *Suffolk Manuf. Co.* 106 Mass. 56.

We are of opinion that this question should have been submitted to the jury, and that the answer to it would have had an important bearing upon the question, What was the contract existing between the parties when the plaintiff was discharged?

*Exceptions sustained.*