JOHN J. LATUS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 17, 1927. — November 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Conduct of trial: discretionary limitation of evidence; Mistrial.  *Jury and Jurors.*

At the trial of an action against an elevated railway company for personal injuries suffered when the plaintiff fell on steps leading from an elevated station, the plaintiff in direct examination testified that he fell on ice on the fifth, sixth or seventh step from the bottom, "about five feet from the bottom, up," and in redirect examination again testified that he fell on the fifth, sixth, or seventh step from the bottom.   He was not cross-examined as to the location of his fall.   The only evidence as to the height of the steps was that each was from seven and one quarter to seven and one half inches in height.   The judge, subject to exceptions by the plaintiff, limited the plaintiff, in examination of witnesses as to the condition of the steps, to testimony relating to the fifth, sixth, and seventh steps, and charged the jury in substance that unless they found that the plaintiff fell on one of those three steps he could not recover. In response to special questions, the jury found that the plaintiff did not fall on one of those three steps and that there was no ice on those steps, and found for the defendant.   *Held,* that

(1) The plaintiff was bound by his testimony as to the location of his fall;

(2) The ruling by the judge showed no error.

It is not error for a trial judge to refuse to discharge a jury hearing an action against a public service corporation merely because among the venire, but not on that panel, there was one who was an investigator for the defendant and who was an assistant to lawyers trying cases for the defendant.

TORT for personal injuries suffered when the plaintiff fell on the stairway leading to the surface of the street from the elevated station maintained by the defendant at "North Station" in Boston.   Writ dated June 21, 1924.

In the Superior Court, the action was tried before *Whiting,* J.

The motion respecting the discharge of the jury was "on the ground that there is among the venire . . . an investigator for the defendant, . . . who assists one of the lawyers

trying Elevated cases, and that, because that man is one of the venire and may properly circulate among the jury and the venire, the plaintiff was of the opinion that he could not get a fair trial."

In direct examination the plaintiff testified that he fell on some ice on the fifth, sixth, or seventh step from the bottom and that where he fell was "about five feet from the bottom, up." No inquiry was made of him in cross-examination as to the location of his fall. In redirect examination he again testified that the ice on the stairs was about the fifth, sixth, or seventh step. The only evidence as to the height of the steps was that the height of each was "from seven and one quarter to seven and one half inches." The judge, subject to exceptions by the plaintiff, restricted inquiry by the plaintiff to the condition of the fifth, sixth and seventh steps, and charged the jury on that subject as follows: "You have got at the outset certain questions to decide as a matter of fact. The first one is, Which step did this plaintiff, Mr. Latus, fall upon? Did he fall on the fifth, the sixth or the seventh or on something else? He says he fell on the fifth, sixth or seventh, the witnesses for the defendant say he didn't, and you have got to determine here whether he fell on the fifth, sixth, seventh or some other step. If you find that he fell on some other step — or, rather, the burden of proof being upon him, — unless you find he fell on the fifth, sixth or seventh step, — there could be no recovery in this case, for two reasons, among others. He has stated that is where the accident happened, and that is his statement. Also there is no evidence before you that would warrant you in finding, if you find he fell anywhere else, that the place where he fell was covered with ice. The testimony with regard to ice is limited, I believe, to the fifth and sixth and seventh steps. So at the outset consider where he fell. What step was it on? I think on the testimony it makes no difference whether it was on the fifth or sixth or seventh, but whether it was on one of those three or somewhere else."

Respecting the jury, the plaintiff asked for the following rulings:

"40. The trial by jury is a sacred right of every citizen of

the Commonwealth and is one of the fundamental corner-stones of law and order.

"41. The sacredness of trial by jury is zealously guarded by the courts.

"42. If anyone of the venire, not on the present panel, by reason of his employment by one of the parties, by reason of his particular duties as such employee relating to the courts and trial by jury, were to attempt to influence the present jury trying this case, by action, word, deed, innuendo or sarcasm, that would be a contempt of court and a very serious matter for the court to deal with, and be highly improper, and constitute a malignant interference with the right of every citizen to an impartial trial by jury by impartial jury-men pledged to decide the case upon the evidence between party and party."

The judge submitted to the jury two questions: (1) whether the plaintiff fell on the fifth, sixth, or seventh step, and (2) whether there was ice on the fifth, sixth, or seventh step. Both questions were answered in the negative, and the jury found for the defendant. The plaintiff alleged exceptions.

*J. E. Reagan,* for the plaintiff.

*H. F. Hathaway,* for the defendant.

BY THE COURT. The plaintiff, both in direct and redirect examination, specified "the fifth, sixth, or seventh steps from the bottom" of stairs in a station of the defendant as those by reason of the slippery condition of which he contended that his injuries resulted. He was bound by this definite statement. There was nothing else in his testimony or in the evidence to shake its force. He was bound by it. *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405. His further testimony that the ice on the stairs was "about five feet from the bottom, up" was not a modification of his clear description of particular steps. It follows that the judge correctly restricted the evidence to the condition of the three steps thus identified.

The judge rightly declined to discharge the empanelled jury on the ground that another person among the veniremen, but not on the jury, was in the employ of the defendant.

There is nothing in the state of the record which required the judge to give the plaintiff's requests for rulings touching this matter. They were impertinent to any evidence in the case. *Rich* v. *Silverman,* 216 Mass. 195.

Other exceptions taken, not having been argued, are treated as waived.

*Exceptions overruled.*