GEORGE E. McCRILLIS *vs.* L. Q. WHITE SHOE COMPANY.

Plymouth.    March 9, 1928. — May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes, Construction, Validity, Of employment.
  *Corporation,* Officers and agents. *Agency,* Scope of authority. *Evi-
  dence,* Admissions and confessions, Presumptions and burden of proof.
  *Witness,* Cross-examination.

At the trial of an action against a corporation for a sum alleged to be due
  to the plaintiff as salary under an express contract, there was evidence
  that the defendant's treasurer offered to employ the plaintiff for a period
  of two years at a salary of $8,000 a year, $100 to be paid each week and
  the time for payment of the remainder to be left to the decision of the
  treasurer; that the plaintiff accepted the offer by performing the work
  required; and that the plaintiff was paid $100 a week by the defendant.
  *Held,* that
    (1) Satisfactory performance of the services requested warranted a
  finding that the offer of the treasurer was accepted by the plaintiff;
    (2) Upon the plaintiff's testifying that he went to work on Sep-
  tember 1 and worked a little over two years, and the defendant's
  treasurer's testifying that he worked five days less than two years, the
  question, whether the plaintiff left the defendant's employ before the
  end of the second year, was for the jury, although in cross-examination
  the plaintiff had answered affirmatively a question, "Having gone to
  work on the sixteenth of September, 1918, did you leave voluntarily on
  the eleventh of September, 1920?"; the plaintiff could not be said to
  have committed himself by a binding admission to one definite state-
  ment of fact as to the dates when his employment began and ended;
    (3) The fact that the time for payment of the remainder of salary was
  left to the decision of the defendant's treasurer did not justify the de-
  fendant in contending that it was not to be paid at all, either because
  the contract was too vague to be enforceable or because the treasurer
  had not decided to make payment;
    (4) The reasonable construction of the contract was that the parties
  intended only that the time for payment was to be postponed and that
  the defendant would be liable if the treasurer did not decide within a
  reasonable time to make payment;
    (5) From evidence that the president and the treasurer of the de-
  fendant were present when the agreement with the plaintiff was made,
  and that during the first year of employment the plaintiff received from
  the defendant in addition to the weekly payment two checks amounting
  to $1,700 and a thousand dollar Liberty bond, in view of the facts that
  no evidence was offered that the treasurer was not authorized to make
  the contract and that it did not appear that during the period of the

plaintiff's service any question arose as to the authority of the treasurer to employ him, a finding was warranted that the treasurer was authorized by the defendant to make the contract with the plaintiff.

CONTRACT upon an account annexed with two items, one for $90, "balance due for salary as superintendent from September 1, 1918, to September 1, 1919," and a second for $2,800, a balance of such salary due for the period from September 1, 1919, to September 1, 1920. Writ dated December 14, 1925.

In the Superior Court, the action was tried before *Williams*, J. Material evidence and a special finding by the jury are stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $4,081.64. The defendant alleged exceptions.

*H. D. McLellan*, (*E. A. MacMaster* with him,) for the defendant.

*L. R. Chamberlin*, for the plaintiff.

SANDERSON, J. This is an action of contract in which the plaintiff seeks to recover a balance alleged to be due for wages. The jury could have found that the defendant was in need of a man for the work which the plaintiff was employed to do; that its treasurer offered to employ him for a period of two years at a salary of $8,000 a year, $100 to be paid each week, the time for payment of the balance to be left to the decision of the treasurer; that the plaintiff accepted the offer by performing the work required. He testified that the defendant's treasurer promised to make a personal payment of an additional sum if the plaintiff accomplished in two years the task assigned to him. It was not disputed that the plaintiff worked for the defendant, was paid by it $100 a week, and that his work was satisfactory. Acceptance of an offer may be made by performing the services requested. *Springfield* v. *Harris*, 107 Mass. 532. *Cottage Street Methodist Episcopal Church* v. *Kendall*, 121 Mass. 528, 530. *Wellington* v. *Apthorp*, 145 Mass. 69, 74.

The jury found, in answer to a special question, that the plaintiff did not leave the employment before the expiration

of the second year.    This finding was justified notwithstand-
ing the fact that the plaintiff, when asked in cross-examina-
tion, "Having gone to work on the sixteenth of September,
1918, did you leave voluntarily on the eleventh of September,
1920?   Yes or no?" replied "I would say yes."   He had
previously testified that he went to work around September 1,
1918, and worked a little over two years, although he was not
sure of his dates.    The testimony of the defendant's treasurer
tended to prove that he worked five days less than two full
years.    In this state of the evidence the question whether the
plaintiff completed two years of service was properly sub-
mitted to the jury.    The witness cannot be said to have
committed himself as a binding admission to one definite
statement of fact as to the dates when his employment began
and ended. *Larson* v. *Boston Elevated Railway*, 212 Mass.
262, 267.    *Gold* v. *Spector*, 247 Mass. 110, 111.    *Goodell* v.
*Sviokcla*, 262 Mass. 317.

The fact that the time for payment of the balance of salary
was left to the decision of the defendant's treasurer does not
justify the defendant in contending that this balance was not
to be paid at all, either because the contract was too vague
to be enforceable or because the treasurer had not decided to
make payment.    The reasonable construction of such a
contract, where services are rendered in reliance upon a
promise, is that the parties intended that the time for pay-
ment only was to be postponed and that the defendant
would be liable if the treasurer did not decide within a reason-
able time to make payment.    *Black* v. *Bachelder*, 120 Mass.
171.    *Page* v. *Cook*, 164 Mass. 116.    *Works* v. *Hershey*, 35
Iowa, 340.    *Lewis* v. *Tipton*, 10 Ohio St. 88.    *Pistel* v. *Im-
perial Mutual Life Ins. Co.* 88 Md. 552.    The defendant
makes no contention that a reasonable time within which
the balance should be paid has not elapsed, but its contention
is that it never made a contract to pay more than $100 per
week.

The jury could find that the offer of $8,000 testified to by
the plaintiff meant a yearly salary of that amount.    The
testimony tending to prove that the contract which the

plaintiff sought to establish at the trial was not in fact made presented a question of fact for the jury's decision.

Upon the evidence the jury could have found that the treasurer was authorized to make a contract of employment with the plaintiff. If they had found that a contract with the terms to which the treasurer testified had been made, its validity apparently would not have been disputed. The jury could infer that a person having authority to make such a contract could bind the corporation by agreeing to pay the employee a sum in addition to the weekly payments. The right of the treasurer to make an agreement in behalf of the corporation to do work which it needed to have done could be inferred from all the circumstances connected with the contract of employment, as well as from the fact that the services were rendered by the plaintiff for a period of two years. Testimony was offered that the president of the defendant introduced the plaintiff to its treasurer and that both were present when the contract was made. They both testified for the defendant and no evidence was offered tending to prove that the treasurer was not authorized to make contracts in behalf of the corporation for the work which the plaintiff did. The plaintiff received from the defendant during the year 1919, in addition to the weekly payment, two checks amounting to $1,700 and a thousand dollar Liberty bond. Upon the evidence the question whether these payments were in the nature of bonuses or were on account of the first year's salary was for the jury. If they were found to be payments on account of the first year's salary, the jury could infer that the corporation had knowledge that a salary in excess of $100 a week was being paid. It does not appear that during the period of the plaintiff's service any question arose as to the authority of the treasurer to employ him. We cannot say, as matter of law, that the terms of the employment were so unusual that lack of authority to propose them must be presumed or that specific authorization to agree to them must be shown. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30, 32.

*Exceptions overruled.*