CARL NEWMAN *vs.* LOUIS H. LEVINSON.

Suffolk.     December 3, 1928. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Presumptions and burden of proof, Hospital record, X-ray photograph. *Actionable Tort.*

At the trial of an action of tort for personal injuries sustained by the plaintiff as a result of an accident, the plaintiff testified that, to his knowledge, he never had hurt his arm before the accident; that he said to a companion immediately after the accident, "I think I have broken my arm"; and that he went directly to a hospital where his arm was treated and X-ray photographs of it were taken. He introduced in evidence the hospital records of his treatment, wherein it was stated that the X-ray photographs showed a "fracture . . . of con-

siderable duration . . . an old fracture." A specialist in the reading of X-ray plates was called as a witness by the plaintiff and testified that he examined the plaintiff just before the trial and found an injury to his arm; and that the X-ray photographs taken at the hospital showed a fracture of recent occurrence. *Held*, that

(1) The plaintiff was not bound by the statements concerning the X-ray photographs in the hospital records so far as they were contrary to his testimony and the other testimony;

(2) The interpretation of the photographs was for the jury.

TORT. Writ dated May 21, 1924.

Material evidence at the trial in the Superior Court before *Whiting*, J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $1,750, and the defendant alleged an exception.

*L. H. Levenson*, for the defendant, submitted a brief.

*W. B. Keenan*, (*J. A. Treanor, Jr.*, with him,) for the plaintiff.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for injuries sustained by him in slipping upon ice alleged to have been formed on a public way through the negligence of the defendant. The single exception is to the refusal to grant a motion for a directed verdict in favor of the defendant. The defendant admits that there was evidence on which the jury might find negligence on the part of the defendant and due care on the part of the plaintiff. The contention of the defendant, as stated in his brief, is "that the evidence of the plaintiff proves conclusively that the plaintiff did not break his arm, as he alleged, at the time of the accident." Assuming in favor of the defendant, but without so deciding, that if this were so the motion for a directed verdict ought to have been granted, his contention cannot be supported. The plaintiff testified that he slipped on the ice, that as he got up he said to his companion, "I think I have broken my arm," that he went directly to the Massachusetts General Hospital, where an X-ray was taken and his arm put in a splint; that he returned for treatment several times, that his arm was in a sling for four months and that he had never to his knowledge hurt his arm before that

time. The plaintiff introduced the record of the emergency ward of the hospital as to his treatment. Therein the place of his injury was stated to be a street different from that named in the testimony of the plaintiff, the diagnosis was fracture of "right olecronon" and the X-ray showed that the appearance "is that of fracture of the olecronon of considerable duration without bony union and probably old fracture also of the internal condyle." Later he was treated in the out-patient department of the hospital, where the record introduced by the plaintiff stated: "X-Ray shows an old fracture transverse of the olecronon process of ulnar Rt. . . . . Old fracture non-union." A physician engaged in the special practice of orthopedic and fracture surgery and experienced in reading X-ray plates examined the plaintiff just before the trial and inspected the X-ray plates taken at the hospital. He testified as to finding injury to the arm of the plaintiff and that the fracture was of recent occurrence from the appearance of the X-ray plate. He described the differences in its appearance from what it would have been if the fracture were old. We think that his testimony was not shaken in its essentials on cross-examination.

There is nothing in the evidence as a whole which precluded the plaintiff from recovering on the basis that his arm was broken by the fall on the ice. His own testimony was unequivocal to the effect that he had no trouble with his arm except in connection with and subsequent to the fall. Although he introduced the hospital record, he was not bound by the entries therein so far as contrary to the implications of his own testimony and the other evidence. The interpretation of the X-ray pictures by the physician called by him as a witness tended to corroborate the theory that the fracture was not old but recent. The aspect of the evidence most favorable to the defendant is that considered as a whole it might have been open to more than one conclusion. The finding that ought to be made was for the jury. The case falls within the familiar principle that, where evidence is conflicting, it is the province of the jury to settle the issue. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165. *Gold* v. *Spector*, 247 Mass. 110, 111, and cases collected.

*Goodell* v. *Sviokcla*, 262 Mass. 317, 319. *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32.

The plaintiff was not bound by the hospital records even though he introduced them in evidence. The case is distinguishable from decisions where a witness, after giving inconsistent testimony, finally adopts one positive position and is held to it, illustrated by *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405; *Latus* v. *Boston Elevated Railway*, 261 Mass. 233; *Martin* v. *Boston Elevated Railway*, 262 Mass. 542. Nothing in *Sullivan* v. *Ashfield*, 227 Mass. 24, relied upon by the defendant, requires a different result from that here reached.

*Exceptions overruled.*