ANGELO SILANO *vs.* PASQUALE CAROSELLA.

Suffolk.    March 4, 5, 1930. — July 2, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*District Court,* Appellate Division: report, recommittal to trial judge. *Contract,* What constitutes, Implied.

While the party prevailing at the trial of an action in a district court, after a report has been filed by his opponent but has not been allowed by the judge, has a right to make suggestions as to the form of the report, he cannot require the judge to amplify the report in accordance with his suggestions, and, after the report has been allowed and filed in the Appellate Division, he has no right to have allowed a motion, therein filed, not based on the ground of diminution of the record, that the report be recommitted to the trial judge for amendment by the insertion of the facts set forth in his request or such parts thereof as the court might determine.

A plaintiff in an action of contract for board and room furnished to a defendant, a kinsman, and for board, room and clothing furnished to the defendant's daughter, is bound by testimony given by him categorically that, until after all the board, room, care and clothing sought

to be recovered had been furnished, he had no intention of charging the defendant therefor; and such fact, being no longer in dispute, showed that the plaintiff had provided as a gratuity that for which he was seeking pay in the action and required a finding for the defendant.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 5, 1929.

Material facts found by the judge of the Municipal Court are stated in the opinion. He found for the plaintiff in the sum of $2,420, and at the request of the defendant reported the action to the Appellate Division. Proceedings there with respect to a motion by the plaintiff for recommittal of the report are described in the opinion.

The Appellate Division denied the plaintiff's motion and ordered the finding vacated and judgment for the defendant entered. The plaintiff appealed.

*H. P. Brown,* (*P. J. Stella* with him,) for the plaintiff.

*J. K. Collins,* for the defendant.

RUGG, C.J. The plaintiff seeks to recover in this action of contract for board and room furnished to the defendant, and for board, room and clothing furnished to his daughter. A general finding was made for the plaintiff by the trial judge.

The reported evidence tended to show that the plaintiff and defendant were kinsmen, and that in 1922, after the death of his wife, the defendant at his own request came to live with the plaintiff with the latter's assent, and continued so to live until the defendant remarried in December, 1927. In 1923 the defendant brought his minor child, then twenty-two months old, to live with the plaintiff, and thereafter the plaintiff and his wife treated and cared for the child as if their own. Neither before nor during the time the defendant lived with the plaintiff was anything said about payment by the defendant for his own board or for the board and care of the child, and no demand or request was made therefor. One paragraph in the report is in these words: ". . . the plaintiff and defendant were on affectionate terms and the plaintiff regarded the child as if his own and testified he had no intention then of charging the defendant for board of the

defendant or for board and care of the child prior to December, 1927." There was evidence apart from the testimony of the plaintiff just quoted from which might be inferred an obligation on the part of the defendant to make reasonable compensation for the items here sought to be recovered. There was further evidence tending to show a subsequent financial controversy between the plaintiff and the defendant touching other matters, and negotiations concerning a settlement including compensation for the board, care and clothing here sought to be recovered, which apparently came to nought.

The finding of the trial judge having been adverse to the defendant, at his request the case was reported for the determination of the Appellate Division. Before the report was finally settled by the trial judge, the plaintiff filed a request asking that the report be amplified by including testimony and statements of fact which he alleged were essential to a correct understanding by the Appellate Division of the case. The trial judge refused to comply with this request, and settled the report without including any of the requests of the plaintiff. The case then came before the Appellate Division. The plaintiff there filed a motion that the report be recommitted to the trial judge for amendment by the insertion of the facts set forth in his request or such parts thereof as the court might determine. This was irregular. The plaintiff was the prevailing party. Of course he had a right to make suggestions as to the form of the report to be made by the trial judge. Such suggestions are addressed to the sense of justice of the trial judge; but the plaintiff had no right to require the Appellate Division to pass upon the validity of his suggestions or to remand the case to the trial judge for correction. The motion was not on the ground of diminution of the record. *Doherty's Case*, 222 Mass. 98. Suggestion of a contention by the prevailing party that there is error or omission in the report, as in a bill of exceptions, may be proper in certain instances in order to determine whether, in the event that error be found in the action of the trial

judge, the appellate court should order judgment in favor of the other party or order a new trial. The Appellate Division rightly denied the motion to recommit.

On the merits the Appellate Division was right in ordering judgment for the defendant. The plaintiff testified categorically that, until after all the board, room, care and clothing here sought to be recovered had been furnished, he had no intention of charging the defendant therefor. This being his own testimony, he was bound by it. It became a fact no longer in dispute. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 69. This testimony shows that the plaintiff provided that, for which he now seeks pay, as a pure gratuity and without thought of reward or compensation. All that was furnished became executed gifts and constituted "neither consideration for an express contract nor a ground for implying one as a fiction of law." *Johnson* v. *Kimball,* 172 Mass. 398, 400. That decision governs the case at bar. That which is presented as a gratuity cannot thereafter be transformed into the basis for a contract, simply because a change of circumstances may make it highly desirable for the donor to recover pay for the gift. Subsequent conditions which cast an appearance of injustice over the transaction as a gift do not afford ground for legal liability. A gift flowing from unalloyed good will commonly promotes friendship and stimulates thankfulness, but ingratitude cannot transmute a gift into an obligation enforceable at law. *Shepherd* v. *Young,* 8 Gray, 152. *Cooper* v. *Cooper,* 147 Mass. 370. *Livingston* v. *Hammond,* 162 Mass. 375. There is nothing in facts set out in the plaintiff's motion which affects in any respect the binding nature of the plaintiff's statement already quoted.

*Order of judgment for defendant affirmed.*