Mazie L. Osborne *vs.* Boston Consolidated Gas Company.

Suffolk.   December 10, 1936. — January 25, 1937.

Present: Rugg, C.J., Pierce, Field, Donahue, & Qua, JJ.

*Evidence,* Presumptions and burden of proof. *Nuisance. Proximate Cause. Negligence,* Excavation in way.

Where a plaintiff, having made two contradictory statements touching the same fact, finally adheres definitely to one in preference to the other as being the truth, he is bound by the statement adhered to.

The digging of a trench in one public way without a permit as required by ordinance had no causal relation to an accident to a traveller who fell near or alongside a connecting trench dug in an intersecting public way with a permit.

A traveller who, while walking alongside a trench being dug in a public way, was caused to fall by a wire hoop or screen, was not entitled to maintain an action based on alleged negligence of the excavator of the trench without evidence explaining the presence of the hoop or screen.

TORT. Writ in the Superior Court dated October 14, 1931.

The action was tried before *Brogna*, J. There was a verdict for the plaintiff in the sum of $1,900. The defendant alleged exceptions.

*John J. Sullivan*, (*W. I. Badger* with him,) for the defendant.

*F. L. Kozol*, (*Lee M. Friedman & J. Schneider* with him,) for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for personal injuries, alleged to have been sustained by the plaintiff at about noon on April 8, 1931, on Morton Street, Dorchester, Massachusetts. At the conclusion of the evidence the defendant duly moved in writing that the judge order a verdict for the defendant. This motion was denied and the defendant duly excepted. The jury returned a verdict for the plaintiff.

The reported evidence in its aspect most favorable to the plaintiff's right of action warranted the finding of the following facts: On April 8, 1931, at the intersection of Pleasant Hill Avenue and Morton Street, the defendant was engaged in digging connecting trenches for a gas main. About nineteen feet from the northeast corner of Pleasant Hill Avenue and Morton Street an excavation was made approximately seven feet by five feet and five inches. Leading from this trench northerly up Pleasant Hill Avenue, about fifteen feet from the northeast curbing of that avenue, was a trench approximately two feet wide and about twenty-five feet long, with a depth of about two and one half feet. The defendant had a permit, dated April 7, 1931, issued to it by the public works department, to use and open a trench twenty-one feet in length by three feet in width on Morton Street, at Pleasant Hill Avenue, for the purpose of making a main connection.

The Revised Ordinances of the city of Boston (1925) provide, in part, that "No person shall open or occupy any portion of a street, except in accordance with a permit from the commissioner of public works" (c. 39, § 57); that "Such permits shall specify the time, place, size and use

of such opening, occupation or obstruction"; that the person receiving the permit "shall place and maintain a safe and convenient way, satisfactory to the commissioner, for the use of foot travelers" (c. 27, § 9); and "that the violation of any of its specifications shall work an immediate revocation of the license or permit" (c. 3, § 21).

Pleasant Hill Avenue and Morton Street were constructed with excavated filling, solid filling, clean filling without tin cans and wire. Houses had been built some months before April 8, 1931, and a great many nails were used, which came in kegs, but no material was unloaded that might be used in the construction of any building during the week previous to April 8, 1931.

The plaintiff testified that between eleven and twelve o'clock on the morning of the accident she came along the sidewalk of Washington Street on to Morton Street, thence she walked on Morton Street until she came to the corner of Pleasant Hill Avenue. When she reached the curbing at that point she stepped off and walked in the road because a trench was there with four or five men working in it. There was no planking along the twenty-five foot trench that led down into Pleasant Hill Avenue and the only way for her to get across the trench was to walk down Pleasant Hill Avenue the length of the twenty-five foot trench and go around behind it, or to walk out into the middle of Morton Street and pass around the seven by five and one half foot trench. She walked diagonally alongside the trench in Morton Street. As she walked out into the street, she saw no wire hoops or screening on the ground. Just as she passed alongside the trench she was caused to fall on her face, and to suffer serious injuries, by a piece of screening, or hoop or piece of something which was on the ground and caught her foot. There were no persons around the trench when the plaintiff fell other than men who were working in it.

The plaintiff further testified, in direct examination, that one of the defendant's employees threw a wire netting or hoop right under her feet, and on cross-examination that "she saw one of the men in the trench throw a piece of

screening or hoop, or piece of netting, which was fired in front of her feet, and she fell"; that she did not see the hoop until after she fell; and that she did not see any man in the trench throw it as she was passing. On redirect examination she testified that as she walked along and came alongside the trench she did not see anything on the street before she fell and before she came up to the trench; that she never saw anything until after she fell; and to her attorney's question: "I ask you again, now, whether or not at any time before you tripped over this object you felt or saw it coming at your feet?" she answered, "No."

The case at bar is not distinguishable from *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, and cases cited. It is a clear example of a case where a witness, having made two materially different statements touching the same event, finally adheres definitely to one in preference to the other as being the truth, and is bound by the statement adhered to. See *Martin* v. *Boston Elevated Railway*, 262 Mass. 542, and compare *Newman* v. *Levinson*, 266 Mass. 264; *Coyle* v. *Worcester Consolidated Street Railway*, 273 Mass. 475.

We think the digging of the trench at Pleasant Hill Avenue without permit of the public works department had no causal relation to the accident to the plaintiff, which occurred near or alongside the trench dug in Morton Street with the permit of the public works department. We are also of opinion that the evidence did not warrant a verdict for the plaintiff based on the defendant's negligence. The exceptions of the defendant are sustained and judgment is to be entered for the defendant. G. L. (Ter. Ed.), c. 231, § 122.

*So ordered.*