Morton, J.
This is a motion by the defendant to re-commit the report. The principal reason submitted in support of the motion was the alleged fact that the report as allowed contained findings of fact which had not previously been made in the course of the proceedings. It appeared that these findings were suggested by the plaintiff and incorporated in a draft report submitted by him for consideration.
*149 Another reason, submitted in. support of the motion, was the alleged lack of all the material facts material to the questions reported.
It was conceded by the plaintiff, and appears obvious from the report as allowed, that the findings of fact set forth therein were made for the first time when the report was allowed. This, of course, was improper and irregular as the trial court should make no findings of fact after the finding in the case is made and notice thereof forwarded to counsel.
One question for our consideration is whether this irregularity can properly be taken advantage of by a motion to re-commit. Although better practice would have been for the defendant to take advantage of the irregularity in question by filing a petition to establish the report, we think the motion is properly before us and we will consider it. "We say this because Rule 28 of the Rules of the District Courts provides that the Appellate Division “may at any time re-commit the same (report) for amplification, correction or other amendment. ’ ’ "While this provision of the Rules has not been fully interpreted, we think it applies to a situation such as has arisen in the ease at bar. Moreover, in Silano v. Carosella, 272 Mass. 203 it appeared that the prevailing party at a hearing before the report was finally settled by the trial judge, filed a request that it be amplified by including certain testimony and statements of fact. This request was denied, and when the case came before the Appellate Division the plaintiff filed a motion to re-commit the report for amendment by the insertion of the facts set forth in his request or such parts thereof as the court might determine. "With regard to this Mr. Chief Justice Rugg says at page 205:
“This was irregular._ The plaintiff was the prevailing-party . . . the plaintiff had no right to require the Appellate Division to pass upon the validity of his sug *150 gestions or to remand the case to the trial judge for correction.”
We infer from this that a motion of this kind by a party claiming the report would not be regarded as irregular, although neither party might have a right to require the Appellate Division to act upon a motion to re-commit. This is far from saying that the Appellate Division itself had no right to act thereon.
In Cohen v. Price, 273 Mass. 303 it appeared that at a hearing upon a report the Appellate Division ordered it re-committed for further findings, and an amended report in consequence thereof was filed, containing evidence not contained in the first report. In its opinion the Supreme Judicial Court expressed no disapproval of such action on the part of the Appellate Division. In view of the rule and the authorities above cited, we think that this motion is properly before us and, in consequence thereof, that we have jurisdiction to re-commit the report.
As allowed the report contained findings of fact not properly included therein. Such findings should be expunged from the report as finally established.
The defendant contends that the report lacks many facts material to the questions reported. An examination of the report would seem to confirm this contention. In fact, it seems to be so bare in its statement of facts as to warrant its re-committal upon that ground alone. This phase of the case is similar to the situation referred to in the case of Freedman, Petitioner, 222 Mass. 179 where the court says at page 181:
“It is perhaps conceivable that a bill of exceptions may be so bald in its statement of accompanying facts as to present only a skeleton and not a true representation of a case. If such a situation should arise, then the exceptions likewise would be defective and should be disallowed.”
*151 For the reasons stated, the motion to re-commit is allowed and the report re-committed to the trial judge so that he may expunge therefrom the findings of fact now incorporated therein, and may add thereto all facts material to the questions reported. An order to that effect will be entered.