Pettingell, P. J.
Action of contract in which the plaintiff seeks to recover $124.00 under a written contract of indemnity dated Nov. 7, 1944, the amount being the rent for the premises in question for the months of February *87 and March 1945. The plaintiff, who had secured an execution in summary process entitling her to the premises, agreed not to use the execution, while the defendant agreed to make certain stated payments and to vacate the premises on or before January 31, 1945 and ¡to indemnify the plaintiff for any loss of rent for the months of February and March 1945. The plaintiff also agreed to use reasonable diligence to obtain another tenant for the premises with a minimum loss of intervening or reduced rental, and not to reject any tenant procured by the defendant without good cause having to do with the reasonable desirability of such tenant.
There was evidence tending to show that the plaintiff was in the real estate business with an office adjoining the premises occupied by the defendant; that the plaintiff maintained general advertisements in newspapers in none of which the premises in question were specifically mentioned; that she did not at any time during the tenancy of the defendant, prior to January 31, 1945 bring a prospective tenant to the premises.
The plaintiff testified that she would not accept as a tenant any relative, friend or person recommended by defendant ; that she ordered her counsel to require the defendant to remove from his window the “to let” sign, placed there by him and that as a result the sign was removed around the middle of January 1945. She testified further that she had the tenement redecorated during the months of February and March 1945, and that upon completion of the redecoration, on or about the first of April, she moved into the apartment herself and has since used and occupied the said apartment.
The defendant filed twenty requests for ruling's which with their disposition are as follows:
*88 “1. If the court finds that the plaintiff has failed to exercise reasonable diligence to obtain another tenant for the apartment number 2 at number 2 Waumheck Street in the Boxbury district of the 'City of Boston for the period from January 31, 1945 to March 31, 1945, it must enter a finding for the defendant. Denied*. 2. If upon all the evidence the court finds that on January 31, 1945 the plaintiff intended then or thereafter during the period between said January 31 and March 31, 1945 to retain the use and occupancy of said apartment for herself, the court must enter a finding for the defendant. Denied. 3. It is evidence of such intention as that mentioned in the preceding request for ruling, numbered 2, that the plaintiff did enter, use and occupy said apartment during said period and has continued such use and occupancy to the present time. Denied. 4. If the court finds that the defendant did himself or by his servant or agent procure prospective tenants for said apartment in advance of the commencement of said period, to wit, during the month of January, 1945, and caused such prospective tenants to visit the plaintiff with a view to engaging said apartment commencing on February 1, 1945, and that the plaintiff refused to interview such prospective tenants, the court must find that the plaintiff has without good cause having to do with the reasonable desirability of such prospective tenants, rejected such prospective tenants. Denied. 5. If the court finds that the defendant did himself or by his servant or agent procure prospective tenants for said apartment in advance of the commencement of said period, to wit, during the month of January 1945, and caused such prospective tenants to visit the plaintiff with a view to engaging said apartment commencing during said period from January 31 to March 31,1945, or for any part of same, and that the plaintiff refused to interview such prospective tenants, the court must find that the plaintiff has without good cause, having to do with the reasonable desirability of such prospective tenants, rejected such prospective tenants. I find the Plaintiff did not refuse to interview prospective tenants here referred to. 6. The burden is on the *89 plaintiff to prove that she has exercised reasonable diligence to obtain another tenant for said premises with a minimum loss of intervening or reduced rental. Allowed. 7. The burden is on the plaintiff to prove that, if the court finds that the defendant himself or by his servant, or agent procured prospective tenant or tenants for said apartment who was or were ready, able and willing to hire the same commencing on February 1, 1945 and to the end of said period and thereafter, the plaintiff rejected such prospective tenant or tenants for good cause having to do with his or their reasonable desirability. Allowed. 8. The court is entitled to take judicial notice of the extreme scarcity of residential quarters in the Roxbury district of the City of Boston during the period from January 81 to March 31,1945. Allowed. 9. In view of the extreme scarcity of residential quarters in the Roxbury district of the City of Boston during the period from January 31 to March 31, 1945, it is evidence of the failure of the plaintiff to comply with the conditions precedent in the agreement cited in her declaration that she has at no time before or during said period, either herself or by her agent, shown said apartment to any prospective tenant. Denied. 10. If is evidence of the plaintiff’s failure to discharge her obligation under said agreement insofar as the same are a condition precedent to her recovery thereunder, if the court finds that she herself or by her agent or attorney during the month of January, 1945, ordered the defendant to remove the ‘to let’ sign which he had placed in a window in said apartment. Denied. 11. It is unreasonable for the plaintiff to have rejected a prospective tenant procured for said apartment by the defendant or his agent, if the plaintiff failed to make any inquiry as to said prospective tenant’s financial ability to pay the O. P. A. ceiling rental due on said apartment and the number and ages of the persons whom said prospective tenant intended to reside in said apartment. Denied. 12. If the court finds that the plaintiff did herself or by her attorney or agent order the plaintiff during’ the month of January 1945, to remove from a window a ‘to let’ sign there posted by him and did further order him not to place such sign in any window in said apartment, the court must find for the defendant. Denied. 13. *90 Where a defendant’s obligation is subject to a condition precedent, the plaintiff must allege and prove that she performed the condition precedent. Allowed. 14. To maintain the instant action the plaintiff! must not only prove that she was ready and willing to perform the conditions precedent required of her under the agreement, but that, she did manifest such readiness and willingness' before bringing said action. Allowed. 15. If the court -finds that the plaintiff did unreasonably prevent the defendant from procuring a substitute tenant for said apartment, the defendant is excused from doing the same and is not liable for any loss thereby sustained by the plaintiff. 7 'find that defendant was not prevented from procuring substitute tenant. 16. Refusal of the plaintiff to permit the defendant to maintain a timely ‘to let’ sign- in a window of said apartment, constituted a waiver of the plaintiff’s right to recover under said agreement on account of alleged loss of rental. Denied. 17. To maintain that the defendant remains liable under said agreement after the plaintiff ’s refusal to permit the defendant to maintain a timely ‘ to let ’ sign in a window of said apartment, would cause a legally untenable forfeiture on the part of the defendant. Denied. 18. If a promissor is herself the cause of the failure of performance of a condition precedent to her right of recovery, she cannot take advantage- of such failure. Allowed. 19. The plaintiff’s prevention of the defendant’s performance under said agreement, insofar as it is the- cause of the plaintiff ’s loss- thereunder, excuses defendant from liability to indemnify the plaintiff' for such loss. 7 find the defendant not prevented by Plaintiff to perform %mder agreement. 20; Upon all the evidence and according to the great weight thereof the court should find for the defendant. Denied.”
It thus appears that the trial judge allowed requests 6, 7, 8, 13, 14 and 18, made findings of fact favorable to the plaintiff regarding 'the 5th, 15th and 19th; did not report these three latter requests- in the assignment of errors by which the defendant claims to be aggrieved. He found for the plaintiff. The report does not state that it contains all the evidence material to the questions reported.
*91 The defendant’s contentions are represented by the defendant’s 6th, 7th, 13th, 14th and 18th requests all of which the trial judge allowed. The defendant claims further, however, that he was entitled not only to the giving of the requests, but to their practical application to the evidence and assurance that they were so applied. Clarke v. Second National Bank, 177 Mass. 257, at 266, 267. Massachusetts General Hospital v. Belmont, 233 Mass. 190, at 210. Commercial Credit Corporation v. Flowers, 282 Mass. 316, at 321, 322.
There was no error in the denial of the 1st, 4th, 9th and 11th requests because each was predicated upon a fact which the trial judge did not find and was not required or bound to make.
With regard to these requests he was under no compulsion to find that the plaintiff had failed to use reasonable diligence to obtain another tenant as predicated in the first, or that the defendant procured prospective tenants when the plaintiff refused to interview as set forth in the 4th; or that the plaintiff failed to comply with the agreement as is the basic fact of the 9th; or that the plaintiff failed to interview prospective tenants properly as is predicated in the 11th. Bach of these requests states a set of facts and attempts to apply to that set of facts a principle of law. A trial judge cannot be compelled to find facts either explicitly or impliedly by containing them in a request which combines law with them. For a lucid explanation of this situation see the opinion of Lummus, J. in Liberatore v. Framingham, 315 Mass. 538, at 543, 544, which illuminates and clarifies the principle stated in Carnes v. Howard., 180 Mass. 569, at 572, that it is not error to deny a request which calls for a finding of fact not necessarily to be inferred as matter of law from the evidence. Adams v. Dick, 226 Mass. 46, at 57. Bradley v. Meltzer, 245 Mass. 41, at 43. *92 Shay v. Gagne, 275 Mass. 386, 390. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324, 325. Simpson v. Eastern Massachusetts Street Railway, 292 Mass. 562, at 565, 566.
As to the 2d, 3d, 10th, 12th, 16th and 17th requests, however, there is a difference, each of these reports being predicated upon the testimony of the plaintiff, testimony by which she is bound. Sullivan v. Ashfield, 227 Mass. 24, at 28. Goodwin v. E. B. Nelson Co., 239 Mass. 233, at 234. Latus v. Boston Elevated Railway, 261 Mass. 233, at 235. Greeley v. Boston & Maine Railroad, 263 Mass. 529, at 533. Laffey v. Mullen, 275 Mass. 277, at 278, 279. Roselli v. Riseman, 280 Mass. 338, at 339. Ramseyer v. Conlon, 303 Mass. 270, at 273. Not only is the plaintiff bound by'her own testimony but the trial judge also is bound. After she has testified, what she has testified to is no longer a fact in dis'pute to be submitted to the jury. Williams v. Pittsfield Lime Stone Co., 258 Mass. 65, at 69. Silano v. Carosella, 272 Mass. 203, at 206. It is a fact which is impressed upon the trial judge as matter of law, nothing as to which he has any option of doubt or right to discredit. It is as if he had expressly found that particular fact.
We then in this case have unimpeachable testimony from the plaintiff that she instructed her attorney to compel the defendant to remove a “to let” sign which the defendant had put up, and which he removed as a result of such compulsion ; that during the period for which the plaintiff was suing the defendant for rent, the plaintiff was in possession of the premises, redecorating them for her own use which began when the plaintiff’s tenancy ended; that despite the plaintiff’s agreement to exercise reasonable diligence to obtain another tenant for said premises, the plaintiff testified that she would not accept as a tenant any relative', friend or person recommended by the defendant, *93 apparently in ntter disregard of that clause of the agreement that she “will not without good cause having to do. with the reasonable desirability of such tenant, reject such tenant as the defendant may procure. ’ ’
The trial judge, having given the 6th, 7th, 8th, 13th, 14th and 18th, other rulings, was bound to give the defendant’s other rulings which were predicated on the plaintiff’s, testimony and were correct principles of law.
From the facts appearing in the second request, testified to by the plaintiff, it appeared that the plaintiff entered into possession of the premises and redecorated them during the months of February and March, 1945 and occupied them for her own use in April and since. It would beY highly improper for her to recover rent or the equivalent from the defendant for the period while she was in possession of the premises after .promising to use due diligence to secure a tenant for the .premises to reduce the defendant’s1 financial burden. In line of the plaintiff’s testimony it was prejudicial error to deny the second requested ruling.
In the same way it was prejudicial error to deny the 3d requested ruling that the entry of the plaintiff testified to by her, was evidence of such an intention.
It was prejudicial error to deny the 10th requested ruling, as to the effect of the plaintiff’s compulsory removal of the defendant’s “to let” sign, and the 12th, 16th and 17th requests, all dealing with the same matter.
The plaintiff is suing on a written instrument indemnifying her against loss of rent. The action in essence is a suit to collect rent. The plaintiff as landlord could not recover rent if she entered the premises of the tenant and evicted him by taking possession of a portion of the rented ■premises. Colburn v. Morrill, 117 Mass. 262 at 264. Royce v. Guggenheim, 106 Mass. 201, at 202. Smith v. McEnerny, *94 170 Mass. 26, at 27. Moore v. Mansfield, 182 Mass. 302, at 303. In Westland Housing Corporation v. Scott, 312 Mass. 375, at 380, the court said “the landlord cannot recover rent because he has failed to perform his part of the agreement”. The same principle applies here, the plaintiff suing on an agreement to indemnify her for loss of rent, cannot recover on the defendant’s agreement because she in effect evicted him, from the premises (on her own testimony) and made it impossible to secure another tenant.
As the granting of the second request would have required a finding for the defendant, the finding for the plaintiff is to be vacated and judgment entered for the defendant.

The trial court’s ruling and findings on each of the defendant’s requests- for rulings are printed in italics following the request.