JAMES T. MAHONEY *vs.* HILDRETH & ROGERS COMPANY.

Middlesex.    December 7, 1954. — April 7, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Of employment, Construction.    *Frauds, Statute of. Words,* "Salary."

Evidence of the circumstances in which one was hired as program director of a radio station to start work at the beginning of a year with a "salary" at a certain yearly rate payable weekly, without specific provision for the duration of the employment or the method of its termination, and of his working for three full years and until August of the fourth year, when he was discharged, warranted a finding that the original contract was for one year and was renewed from year to year for each of the succeeding years in which he continued to work, so that his discharge during the term of his employment for the fourth year was improper unless it was for justifiable cause. [498–499]

The statute of frauds was not a defence to an action on an oral contract of employment if the original term of the contract and successive renewed terms were each for no longer than one year. [499–500]

---

CONTRACT.   Writ in the Superior Court dated July 17, 1950.

The action was tried before *Murray*, J., who denied a motion for a directed verdict by the defendant and, following a verdict for the plaintiff recorded under leave reserved, denied a motion for entry of a verdict for the defendant. The defendant alleged exceptions.

*Robert R. Clark*, for the defendant.

*John M. Stephens*, (*Richard S. Bowers* with him,) for the plaintiff.

WILLIAMS, J.   In this action of contract the plaintiff seeks to recover a balance alleged to be due for personal services as program director for the defendant from September 10 to December 31, 1949.   The defendant answered with a general denial and pleas of waiver and the statute of frauds.   There was evidence that in 1945, while the plaintiff was employed as production manager for radio station WHDH in Boston, he talked with one Rogers, president and general manager of the defendant, about leaving his position and "going with" radio station WLAW in Lawrence as program director.   In the course of the talk the plaintiff stated that the amount of salary he wanted was $9,000 per year.   Subsequently he met with the defendant's board of directors and "outlined his qualifications and his salary . . . $9,000 per year."   After the meeting, Rogers told him that he had been hired.   Somewhat later the plaintiff called Rogers and said that before leaving WHDH he wanted an agreement in writing from Rogers.   Thereupon Rogers sent him the following letter:

"December 28, 1945

Mr. James T. Mahoney
36 Amsden Street
Arlington, Mass.
Dear Mr. Mahoney:

This letter will serve to confirm our agreement and understanding resulting from our conference recently held in Lawrence, Mass., and your acceptance of the position of Pro-

gram Director at a salary payable weekly, at the rate of $9,000 per annum, beginning January 2, 1946.

We are looking forward to seeing you in Lawrence soon and wish to extend our best wishes to you and your family for a Happy New Year.

Sincerely yours,

s/  IRVING E. ROGERS
IRVING E. ROGERS
Manager"

The plaintiff entered upon his duties on January 2, 1946, and continued to work as program director until August 22, 1949. On that date his services were terminated by the general manager. He was paid his salary then due and for a further period of approximately three weeks ending on September 10. The cause of his dismissal does not appear. During the ensuing months he had several talks with Rogers regarding reëmployment. He made no demand for additional payment of salary until May 26, 1950. The defendant excepted to the denial of its motions, one presented at the conclusion of the evidence for a directed verdict, and one after a verdict for the plaintiff, taken under leave reserved, for the entry of a verdict for the defendant.

The primary question for decision is whether the terms of the contract under which the plaintiff was employed permitted his dismissal before the end of 1949. The contract under which he began work for the defendant on January 2, 1946, called for a salary payable weekly at the rate of $9,000 per annum. It contained no express provision as to the length of time it should continue in effect or as to the manner in which it might be terminated. To determine the intent of the parties in respect to these matters recourse must be had to the nature of the employment, the usages of the business, the prior negotiation, the situation of the parties, and in general the attendant circumstances. *Tatterson* v. *Suffolk Manuf. Co.* 106 Mass. 56, 59. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass 1, 4.

From the meager evidence recited in the record we are afforded no information in reference to customary practice in the business of broadcasting by radio.  It appears inferentially that before relinquishing his position in Boston the plaintiff wished to be assured of some degree of permanence in his new employment.  In the contract, whether it be considered to be oral or written, the compensation to be paid was referred to as salary and payable at a yearly rate.  In the *Maynard* case it was said that the word salary "is perhaps more frequently applied to annual employment than to any other, and its use may import a factor of permanency," and in describing an employee's compensation that the use of terms signifying a yearly unit of time and a sum of money equivalent to a year's pay was proper for consideration in determining the period of the employment.  See *Davis* v. *Ames Manuf. Co.* 177 Mass. 54; *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32.

In our opinion the evidence was sufficient to warrant a finding that the parties intended the employment of the plaintiff to continue for at least a year.  See *Frati* v. *Jannini,* 226 Mass. 430, 433.  The plaintiff continued to work for the defendant until August 22, 1949, without, so far as appears, any further talk regarding the terms of his employment. If it were found that the original contract was for a year, we think that from the continuance of service by the plaintiff it could further be found that there was an implied renewal of the contract from year to year.  *Dunton* v. *Derby Desk Co.* 186 Mass. 35.  *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 4.  *Fisk* v. *New England Tire & Supply Co.* 244 Mass. 364, 372.  It is clear from the cases cited that these issues were properly submitted to the jury.  If the plaintiff's original contract was for a period terminating on December 31, 1946, and thereafter was renewed, in August, 1949, the plaintiff was employed for a term which did not end until December 31, 1949.  In the absence of evidence that he was discharged for justifiable cause he was entitled to his salary from September 10 to December 31.  The statute of frauds was not a defence if the original contract

and its renewal in 1949 were for terms no longer than a year. Assuming that the evidence as to the delay in the plaintiff's demand for payment of additional salary was sufficient to warrant a finding of waiver, it was a matter for the jury to decide. There was no error in the denial of the defendant's motions.

*Exceptions overruled.*