EDNA KRASNOW & another *vs.* FENWAY REALTY COMPANY. June 5, 1967. On August 13, 1961, Edna Krasnow (plaintiff) fell from a porch on the first floor of an apartment house in Brookline and was injured. The apartment house was owned by the defendant and the plaintiff's husband was a tenant at will. The plaintiff brings this action of tort alleging that the porch at the time of the accident was under the control of the defendant and that her fall was caused by the defendant's negligence. There is a count for consequential damages by the husband. At the close of the evidence the judge granted the defendant's motion for directed verdicts. There was no error. It is undisputed that immediately prior to the day of the accident (which occurred on a Sunday) the porch was being renovated by the defendant and that a railing had been removed which was to be replaced by another of a different type. The plaintiff testified that she went out on the porch with some clothes she had washed and a clothes horse; she took two steps forward and as she took the third "she twisted her ankle on a piece of rubble, landed against the clothes horse," and fell off the porch onto the ground. On cross-examination the plaintiff was asked if she had not given a different version, namely, that the "clothes horse tilted over and she made a grab for it and fell down off the porch." She admitted that she had. She was then asked whether she had seen rubble on the porch floor before she fell and she replied that she had not. When asked both by counsel and the judge if that was the way she wanted to leave her testimony she replied in the affirmative. There was additional testimony of the plaintiff adduced on cross-examination to the effect that she had admitted on another occasion that "the clothes fell out, and . . . [she] tried to grab the clothes horse and fell also." She was then asked if this version was the truth "regardless of anything which has been said in . . . Court" and she said that it was. It is plain that on these versions of the accident, which were definitely adhered to by the plaintiff in preference to the earlier one, there was no basis for a finding that the accident was caused by the defendant's negligence. The plaintiff was bound by this testimony under the principles discussed in *Sullivan* v. *Boston Elev. Ry.* 224 Mass. 405, and *Osborne* v. *Boston Consol. Gas Co.* 296 Mass. 441, 444. In view of this conclusion the plaintiff's exceptions to rulings on evidence need not be discussed, for even if they were erroneous the result would be the same.

*Exceptions overruled.*

*Robert W. Cornell* for the plaintiffs.
*Walter F. Henneberry* for the defendant.