*Southern District*

No. 42455.

## STEPHEN BROWN

*v.*

## TOWN OF WEST BRIDGEWATER

Argued: Sept. 10,1971 - Decided: Apr. 10, 1972

*Present:* Murphy, P.J., Covett, Sullivan, JJ.

Case tried to *White, J.,* in the District Court of Brockton, No. 42455.

**Sullivan, J.** This is an action for breach of an employment contract. The plaintiff was employed as a high school teacher in West Bridgewater. He was discharged by the School Committee during the school year. There was a written agreement which contained a provision that the teacher be given thirty days' notice of termination. The teacher alleges that he received no such notice and is, therefore, entitled to the equivalent of thirty days' pay.

The plaintiff was hired as an English teacher for the school year 1969-1970. It was his first employment as a teacher. He was suspended indefinitely by the Superintendent of Schools on February 10, 1970. On February 23, 1970 the School Committee voted to discharge the plaintiff from all further teaching duties, effective immediately, and so notified him on the following day. He was not paid after February 9, 1970. The reported evidence contains nothing further

pertaining to notice or the reasons for dismissal.

The trial judge found for the town. The teacher has appealed a ruling of the judge which denied the following request for ruling:

4. The West Bridgewater School Committee breached the contract when it terminated the agreement without 30 days' notice.

The denial of this requested ruling constitutes prejudicial error. The agreement did provide for 30 days' notice of termination. The Committee terminated the agreement without giving such notice. This was a breach of the contract.

The pertinent provision of the contract is as follows:

4. The School Committee hereby agrees to pay the teacher the total sum of $7,452.00, allocated as follows: Base rate $7,200.00 — J.H. Cross Country $252.00. The Committee agrees to give to the teacher at least thirty days notice, exclusive of customary vacation periods, of the termination of this agreement in case said term of service is not completed.

G.L. c. 71, § 42, authorizes the School Committee "to dismiss any teacher". It has since been amended, but as of February, 1970 a first year teacher could be dismissed without cause and without notice. *DeCanio* v. *School Committee of Boston,* 358 Mass. ——. The statute, however, regulates the dismissal of

teachers employed for over three years by requiring that the School Committee give them "thirty days' notice, exclusive of customary vacation periods" prior to a vote concerning dismissal.

The West Bridgewater School Committee, in its contract with this first year teacher, assumed an obligation of thirty days' notice similar to that required for the dismissal of a teacher on tenure, and was bound thereby. Although the authority to dismiss a first year teacher was very broad, it did not extend so far as to allow a School Committee to abrogate its own contractual obligations.

In that the report contains no evidence upon which it could be found that the teacher breached the contract, a finding for the plaintiff is required. As to damages, the contract provided for payments over a twelve month period. The only measure of damages would be the equivalent of thirty days' pay which, at the basic rate of $7,200.00 is $600.00. The plaintiff's claim was for $600.00, as such, any pro-rata pay for cross country is deemed to have been waived.

It is ordered that: **The finding for the defendant be vacated, and judgment be entered for the plaintiff in the amount of $600.00 with interest from the date of the writ.**

JEFFREY M. FREEDMAN

of Boston, for the plaintiff cited: *Mahoney v. Hildreth & Rogers Co.*, 332 Mass. 496. *National Overall Dry Cleaning Co.* v. *Thayer*,

321 Mass. 435, 439. *Barry* v. *NY Holding &
Cons. Co.*, 226 Mass. 14. 56 CJS 418, §32(c)
and page 517, §87.

WILLIS A. DOWNS
of Brockton, for the defendant, filed no brief.