WINSLOW F. POLLOCK *vs.* THE ART INSTITUTE OF BOSTON. July 29, 1981. We affirm the judgment on a jury verdict in favor of the plaintiff for $7,500. The sole question on appeal was whether it was error to deny the defendant's motion for a directed verdict.

1. Where the plaintiff testified, "My employment was from September through August 31," and that he received a salary of $30,000 a year, there was sufficient evidence to go to the jury on the question whether his contract of employment was at will or from year to year. *Maynard* v. *Royal Worcester Corset Co.*, 200 Mass. 1, 4-5 (1908). *Frati* v. *Jannini*, 226 Mass. 430, 433 (1917). *Larson* v. *Jeffrey-Nichols Motor Co.*, 279 Mass. 362, 364-365 (1932). *Mahoney* v. *Hildreth & Rogers Co.*, 332 Mass. 496, 498-499 (1955). See Annot., 93 A.L.R. 3d 659, 675-677 (1979).

2. Similarly, in light of the plaintiff's steadfast denial that he had ever agreed to an accord and satisfaction in accepting pay for the period from February, 1976, the date of his cessation of work, until May, 1976 (see *Wilmot* v. *Mudge*, 103 U.S. 217, 219 [1880] [accord and satisfaction requires voluntary assent]), the judge could not properly have precluded the jury from considering that question. See *Murray* v. *Grossman*, 289 Mass. 217, 221 (1935). There was no evidence of the plaintiff's involvement in the Institute's decision to permit his daughter to attend the Institute tuition free so as to amount to accord and satisfaction.

*Judgment affirmed.*

*James R. DeGiacomo (Joel M. Sowalsky* with him) for the defendant.
*Paul D. Gallese* for the plaintiff.